Arthur E. Stevens v. Commissioner.
Stevens v. Commissioner
Docket No. 2632-68.
United States Tax Court
T.C. Memo 1969-251; 1969 Tax Ct. Memo LEXIS 44; 28 T.C.M. (CCH) 1283; T.C.M. (RIA) 69251; November 26, 1969, Filed. Arthur E. Stevens, pro se, 33427 Military Road South, Auburn, Wash. Stephen E. Silver, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $317.30 in petitioner's income tax for calendar year 1964. The sole issue is the deductibility of certain nonreimbursed meal expenses incurred by petitioner while away from home during the course of his employment. Findings of Fact Arthur E. Stevens (hereinafter referred to as petitioner or Stevens) filed a Federal individual income tax return for calendar year 1964 with the district director of internal revenue, Tacoma, Washington. Petitioner resided in the State of Washington when he filed the petition herein. During *45 1964, he was employed as an airline purser for Northwest Orient Airlines ("Northwest"). His home station was Seattle, Washington. Most of his traveling was on the transpacific route. Based upon petitioner's Cabin Attendants Pay Time Report, which was submitted to his employer bimonthly, he claimed reimbursement for the following number of meals eaten in the United States in 1964: Breakfast
57
Lunch
62
Dinner
88
Snack
68
On domestic and foreign routes, lodging was provided petitioner by Northwest free of charge in 1964. Under the union contract in effect in 1964, Stevens, while engaged in domestic flying and when meals were not otherwise furnished by his employer, was allowed expenses pro rated as follows: Breakfast
(7:00 a.m.)
$1.40
Lunch
(12:00 noon)
1.65
Dinner
(6.00 p.m.)
3.30
Midnight snack
(12:00 midnight)
1.50 While engaged in foreign flying and when meals were not otherwise furnished by his employer, Stevens was allowed the following meal allowances: AtHonolulu
AtAnchorage, Alaska
At Tokyo
At Manila,Taipei,Okinawa, & Hong Kong
Breakfast
$1.50
$1.65
$1.65
$1.50
Lunch
2.00
2.15
2.15
2.00
Dinner
3.75
4.00
4.00
3.75
Midnight Snack
2.00
2.00
2.00
2.00
*46 In 1964, petitioner was sometimes quartered at the staff house in Tokyo, Japan. On other occasions hotel accommodations were provided by Northwest. During that year, he was allowed under the union contract the option, upon reasonable notice to the staff house management, of eating dinner and the midnight snack away from the staff house. When such meals were not taken at the staff house and reasonable notice had been given, Stevens was allowed $4.00 (local currency equivalent) for each such dinner and $2.00 (local currency equivalent) for each midnight snack. In 1964, Stevens ate an unspecified number of meals provided by his employer free of charge at the staff house in Tokyo. No claim for reimbursement was submitted for meals eaten by Stevens in the Orient in 1964 on the Cabin Attendants Pay Time Report because he was paid the local currency equivalent at the respective foreign station. Petitioner's flights would depart from Seattle, Washington, to various cities at 1284 different times. On returning flights to Seattle, petitioner would arrive at different times. The number of meals that Stevens would be permitted to claim for reimbursement on the bimonthly time report was *47 dependent upon the time of day he would either embark or return to his home station in Seattle. For example, if his flight was scheduled to leave Seattle in the early afternoon, Stevens would not be entitled to claim reimbursement on such report for either breakfast or lunch. For calendar year 1964, Stevens claimed that he was "away from home" for 147 days. He estimated that he spent $14 per day for meals. Accordingly, he claimed that he spent approximately $2,058 for meals during the taxable year 1964 while away from home. Stevens' employer reimbursed him $686.59. Consequently, he claimed a deduction of $1,372.41 [1] for the alleged nonreimbursed meal expenses. Respondent disallowed the deduction on the ground that petitioner could not substantiate his meal expenses within the meaning of section 274 (d), Internal Revenue Code of 1954. Opinion The sole issue for decision is whether Stevens, employed as a purser with Northwest on its transpacific route, properly deducted alleged nonreimbursed meal expenses. Stevens incurred expenses while on duty in the United States and during layovers *48 in various cities outside of the United States. He admittedly cannot substantiate his nonreimbursed expenditures. Section 274 (d) of the Code and section 1.274-5, Income Tax Regs., require taxpayers to substantiate nonreimbursed traveling expenses, including meals. Since petitioner has not satisfied this requirement, we must uphold respondent's disallowance of petitioner's claimed deduction. See William F. Sanford, 50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (C.A. 2, 1969). Decision will be entered for the respondent. Footnotes
1. Mathematically, the deduction claimed should have been $1,371.41.↩