William F. SANFORD, Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 389, Docket 32905.

United States Court of Appeals
Second Circuit.

Argued March 27, 1969.

Decided June 24, 1969.

Certiorari Denied Oct. 13, 1969.
See 90 S.Ct. 104.

Gabriel T. Pap, New York City, for appellant.

Issie L. Jenkins, Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice; Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., for appellee.

Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM:

Taxpayer, an "outside salesman" for RKO, deducted on his federal income tax return for the year 1963 items of non-reimbursed entertainment expense totaling $5,667.17. The Commissioner disallowed the deduction taken for any of these alleged entertainment expenditures if in excess of $25.00, and allowed the alleged non-reimbursed entertainment expenses that were less than $25.00. The latter figure amounted to $682.86. The former figure totaled $4,984.31, and the dispute here relates to the disallowance of the $4,984.31. The Commissioner disallowed these deductions taken for expenses in excess of $25.00 because, as required by Treasury Regulation 1.274–

5(c) (2) (iii), the taxpayer was unable to produce any restaurant receipts or other documentary evidence to supplement notations made in code on his desk calendar.

The taxpayer petitioned the United States Tax Court for a redetermination of the tax deficiency resulting from these disallowed deductions. The Tax Court affirmed the Commissioner. Appellant now seeks a review of the decision of the Tax Court. We affirm the Tax Court.

The taxpayer's only substantial claim is that the above Regulation is invalid because it directly contradicts § 274(d) of the Internal Revenue Code, 26 U.S.C. § 274. That section begins with the statement: "No deduction shall be allowed unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement * * *." It is the taxpayer's contention that the two methods of substantiation outlined in the Code are distinct and unambiguous, and that his desk calendar notes completely satisfied the "adequate records" method of substantiation, a method which the taxpayer argues requires no corroboration of taxpayer's own personal records.

 Taxpayer's contention is without merit. Treasury regulations are to be upheld unless unreasonable and plainly inconsistent with the statute under which they are promulgated. Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831 (1948). Here the disputed Regulation is not inconsistent with the statute, for the phrase "adequate records" is clearly open to interpretation, and the Regulation interprets the phrase so as to carry out the stated congressional purpose of insuring "that no deduction is allowed solely on the basis of his own [the taxpayer's] unsupported self-serving testimony." H. Rep. No. 1447 (1962–3 Cum.Bull. 405, 427); S. Rep. No. 1881 (1962–3 Cum.Bull. 707, 741). Moreover, there is, of course, specific statutory authority to enact the present Regulation for § 274(h) dele-

gates authority to the Secretary to prescribe those regulations necessary to carry out the purpose of the section.

 Finally, even were we to agree with the taxpayer (which we are not) that documentary evidence was not necessary to fulfill the "adequate records" requirement, the records here would be deficient and inadequate for the calendar notations were extremely scanty and made in a code decipherable only by the taxpayer. This again is in direct contradiction of the congressional intent manifested when the provision was before the Congress. "Generally, the substantiation requirements of the bill [§ 274(d)] contemplate more detailed record keeping than is common today in business expense diaries." H. Rep. No. 1447, 87th Cong., 2d Sess. p. 23 (1962–63 Cum.Bull. 405, 427).

Affirmed.