Otho B. Ross, Jr., and Dorothy L. Ross v. Commissioner.
Ross v. Commissioner
Docket No. 1783-69 SC.
United States Tax Court
T.C. Memo 1970-110; 1970 Tax Ct. Memo LEXIS 250; 29 T.C.M. (CCH) 493; T.C.M. (RIA) 70110; May 11, 1970, Filed Otho B. Ross, Jr., pro se, 680 Llewelyn Pl., Charlotte, N.C. *251 ,J. Randall Groves, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined deficiencies in petitioners' income taxes for the following years: 1965
$251.80
1966
190.12
1967
300.69 Certain issues having been conceded by petitioners, the only question remaining for our consideration is whether respondent properly disallowed certain deductions taken by petitioners attributable to country club dues. Findings of Fact Petitioners, Otho B. Ross, Jr., and Dorothy L. Ross, are husband and wife, and were residents of Charlotte, N.C., at the time their petition herein was filed. Petitioners timely filed a joint Federal income tax return for the years 1965, 1966, and 1967. Petitioners also filed an amended return for the year 1965 on May 23, 1966. Dorothy L. Ross is a party to this case only by virtue of having joined with her husband in filing their Federal income tax returns for the years in issue. Accordingly, reference to the petitioner will at all times be restricted to the petitioner, Otho B. Ross, Jr. (hereinafter Otho). Petitioner is a graduate of Duke University School of Medicine, and has been a licensed *252 physician since 1943. During all times herein pertinent, petitioner was engaged in the practice of medicine in Charlotte, N.C. About one-half of petitioner's income from his medical practice was derived from examinations for insurance companies. During the years 1965 through 1967, petitioner and his family belonged to a local country club. Petitioner, an avid golfer, used this facility more than 50 times a year during each of these years. Almost all of his visits to the country club were spent on the golf course, where petitioner was able to socialize with members of both the medical community and business community. Petitioner earnestly regarded his many visits to the golf green as a form of public relations, i. e., an opportunity to meet prospective patients and cultivate referrals. Petitioner did not keep a contemporaneous record of the persons with whom he played golf. However, early in 1969, petitioner was able to obtain from the country club a record of his golfing activities for the year 1966 and the persons with whom he had played. From this record, petitioner constructed a table in which each round of golf was characterized in terms of the business prospects developed *253 during the period of play. Hence, a round which was, to petitioner's recollection, pleasure-oriented was marked "P", and one which, in his estimation, contributed to the aggrandizement of his practice was marked "B" or part "B", part "P". Totaling these markings, petitioner determined that 60 percent of his dues for use of the country club in 1966 was for business purposes; and, that, since the frequency of his visits to the country club had not markedly changed from year to year, a like percentage of his dues for 1965 and 1967 was also atributable to business-related endeavors. A sampling of three of the physicians with whom petitioner played golf during these years indicates that, in their estimation, the rounds played with petitioner were primarily recreational in nature. Opinion The disposition of the question at bar is governed by our determination in the case of Harry G. LaForge, 53 T.C. 41, 52 (1969), and by section 274(a) and (d) of the Code. [1] In LaForge, 494 we held that the taxpayer's failure to meet the overriding substantiation requirements of the regulations promulgated under section 274(d), and held valid by this Court in William F. Sanford 50 T.C. 822 (1968), *254 affd. per curiam 412 F. 2d 201 (C.A. 2, 1969), precluded deductibility under section 162. In so holding, we stated that such failure obviated any need to determine whether the disputed section 274 expenditures were ordinary and necessary to the taxpayer's business under section 162. *255 The regulations which we relied on in LaForge contain the following language: Sec. 1.274-5. Substantiation requirements. (a) In general. No deduction shall be allowed for any expenditure with respect to - * * * (2) Any activity which is of a type generally considered to constitute entertainment, * * * or with respect to a facility used in connection with such an activity, including the items specified in section 274(e), * * * unless the taxpayer substantiates such expenditure as provided in paragraph (c) of this section. This limitation supersedes with respect to any such expenditure the doctrine of Cohan v. Commissioner (C.C.A. 2d 1930) 39 F. 2d 540. The decision held that, where the evidence indicated a taxpayer incurred deductible travel or entertainment expenses but the exact amount could not be determined, the court should make a close approximation and not disallow the deduction entirely. Section 274(d) contemplates that no deduction shall be allowed a taxpayer for such expenditures on the basis of such approximations or unsupported testimony of the taxpayer. For purposes of this section, the term "entertainment" means entertainment, amusement, or recreation, *256 and use of a facility therefor * * *. (b) Elements of an expenditure - (1) In general. Section 274(d) and this section contemplate that no deduction shall be allowed for any expenditure for * * * entertainment * * * unless the taxpayer substantiates the following elements for each such expenditure: (i) Amount; (ii) Time and place of * * * entertainment (or use of a facility with respect to entertainment), * * * (iii) Business purpose; and (iv) Business relationship to the taxpayer of each person entertained, using an entertainment facility * * *. * * * (c) Rules for substantiation - (1) In general. A taxpayer must substantiate each element of an expenditure (described in paragraph (b) of this section) by adequate records or by sufficient evidence corroborating his own statement except as otherwise provided in this section. Section 274(d) contemplates that a taxpayer will maintain and produce such substantiation as will constitute clear proof of an expenditure for * * * entertainment * * * referred to in section 274. A record of the elements of an expenditure made at or near the time of the expenditure, supported by sufficient documentary evidence, has a high degree *257 495 of credibility not present with respect to a statement prepared subsequent thereto when generally there is a lack of accurate recall. Thus, the corroborative evidence required to support a statement not made at or near the time of the expenditure must have a high degree of probative value to elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure supported by sufficient documentary evidence. The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain the records, together with documentary evidence, as provided in subparagraph (2) of this paragraph. To obtain a deduction for an expenditure for * * * entertainment, * * * a taxpayer must substantiate, in accordance with the provisions of this paragraph, each element of such an expenditure. Although petitioner was an earnest and credible witness, we do not feel that the deductibility table constructed by him early in 1969 satisfies the corroborative evidence requirements of the above regulations for the years 1965 through 1967. Accordingly, we find that respondent acted properly in disallowing the deductions attributable *258 to petitioner's country club membership. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (a) Entertainment, Amusement, or Recreation. - (1) In General. - No deduction otherwise allowable under this chapter shall be allowed for any item - (A) Activity. - With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or (B) Facility. - With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business, and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business. * * * (d) Substantiation Required. - No deduction shall be allowed - * * * (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩