LUCIEN GRAS and DONNA GRAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gras v. Commissioner
Docket No. 8619-72
United States Tax Court
T.C. Memo 1974-230; 1974 Tax Ct. Memo LEXIS 93; 33 T.C.M. (CCH) 1018; T.C.M. (RIA) 74230; August 29, 1974, Filed. Lucien Gras, pro se. Ava Poe, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: * Respondent determined deficiencies in petitioners' Federal income taxes for the years 1968, 1969, and 1970 in the amounts of $548.68, $2,272.85, and $596.83, respectively. The issues presented for decision are: *95 (1) Whether the Commissioner erred in disallowing a portion of the domestic traveling expenses claimed by the petitioner for the years in question; (2) Whether the Commissioner erred in disallowing a portion of the automobile expenses deducted by petitioners for the years in question (including depreciation in 1968 and 1969); (3) Whether the Commissioner erred in disallowing any traveling expenses deducted by petitioners on account of their trips to France in 1969 and 1970; and (4) Whether petitioners are entitled to any deduction in connection with business and personal items stolen from their automobile in 1969. FINDINGS OF FACT Most of the facts have been stipulated and as stipulated are incorporated herein by this reference along with accompanying exhibits. Lucien and Donna Gras (hereinafter referred to as petitioners), husband and wife, were legal residents of Elmhurst, Illinois, at the time they filed their petition in this case. They filed joint Federal income tax returns for the years 1968, 1969, and 1970, with the district director of internal revenue, Chicago, Illinois. During the taxable years at issue, petitioner Lucien Gras was a self-employed importer *96 and distributor of artificial flowers and sun glasses operating a sole proprietorship under the name of Europa Company, Plastic Art Flowers, and Elite Optical Imports. During the same years petitioner Donna Gras was a teacher at Elmhurst College. Petitioner Lucien Gras operated his business enterprises out of his apartment and out of a wholesale showroom located at 106 W. Third Street, Elmhurst, Illinois, about 1 mile from petitioners' apartment. During the taxable years in question, petitioner Lucien Gras sold non-prescription sun glasses to retailers, optical frames to opticians, and artificial flowers, primarily to purchasers throughout the mid-west. Petitioner Lucien Gras incurred some travel in order to maintain contacts with his customers, and was sometimes accompanied by his wife. Petitioner Lucien Gras recorded business receipts and disbursements in a cash journal, but maintained no diary or daily log of customers contacted during his travel. The travel expenses claimed are based on entries petitioner Lucien Gras made in the journal. These entries generally reflect estimates he made for meals and lodging while away from home during the years in question by multiplying *97 the number of days he traveled by from $25 per day to $30 per day. On one occasion his estimate was made by subtracting the amount of money he returned with from the amount he took with him on the trip. Although he retained some receipts which sometimes correspond to journal entries, the receipts were rarely used, either directly or indirectly, in computing the travel expenses claimed. Neither the journal entries nor the receipts that were retained indicate the business purpose of the expenditure made. Petitioner Lucien Gras is a native and citizen of France. He had many relatives and friends living in France during 1969 and 1970. Petitioner Donna Gras' father is a long-time resident of France. Petitioners try to arrange a trip to France in July or August of each year.Aside from these trips petitioners do not travel to France. If petitioner Donna Gras cannot accompany her husband, he does not travel to France along. During 1969 and 1970 petitioners incurred expenses traveling to France during July and August, and also incurred expenses for meals and lodging and for rental of a car while traveling in France. No deduction was taken or is claimed for any expenses of petitioner *98 Donna Gras in connection with these trips to France. Petitioner Lucien Gras had some French suppliers for his optical merchandise that he visited during these trips to France. Visits to suppliers were intermingled with time spent on vacation. Petitioner Lucien Gras made no business appointments prior to departing to France in either year. Petitioners spent 6 weeks in France during their 1969 trip; during their 1970 trip, they spent 8 weeks in France. Petitioner Lucien Gras estimated that he spent 3 weeks during each of the 1969 and 1970 trips on business. However, he kept no records from which the proportion of time spent on business affairs and the proportion spent on personal affairs can be determined. In 1967, petitioners purchased a 1964 Cadillac at a cost of $1,770. It was the only automobile they owned during the 3 years in question. Petitioner Lucien Gras used this automobile to travel to visit customers and solicit orders. Petitioners also used their automobile for personal purposes, including occasional trips to Chicago to attend the opera or the ballet, and sometimes for local shopping. Petitioner Donna Gras does not drive. Petitioner Lucien Gras made periodic *99 entries in his business journal for "gas," "oil," "parking" and "repairs." However, neither the journal nor any other records presented indicate the miles driven for business purposes as opposed to those driven for personal reasons.The amount of personal and business use of petitioners' automobile during the years in question was based on the personal estimate of petitioner Lucien Gras. During 1969 several items were stolen from petitioners' automobile while parked in Livonia, Michigan. The items included samples of sun glasses and optical frames, carrying cases, lenses and miscellaneous items. A tailor made suit and a garment bag were also stolen at the time of the theft. All of the stolen items (except the suit and garment bag) had previously been charged by petitioners to merchandise purchased or office supplies, and none of the stolen items were included in closing inventory. The stolen suit was custom made for petitioner Lucien Gras, adaptable to general usage, and worn on social as well as business occasions. OPINION I. Domestic Travel Expenses Petitioners deducted $6,694.55 in the years in question under section 162(a) (2) [1] for travel expenses, including meals *100 and lodging, incurred by Lucien Gras while away from home on a trade or business. The deductions claimed relate to meals and lodging while traveling to contact customers, and automobile expenses associated with these trips. [2] The Commissioner has allowed deductions of $2,419.78, leaving $4,274.77 in issue. Auto depreciation is in issue only for 1968 and 1969. Petitioners originally claimed $590 in depreciation for each year based on 100 percent business usage, but concede these figures should be reduced by 20 percent to conform to the 80 percent business use they claim for their auto during these years. In order to prevail, petitioners must substantiate the travel expenses they claim under section 162 in accordance with the requirements of section 274 and the regulations promulgated thereunder. These regulations [3] require that the taxpayer substantiate each "element" of a deductible expenditure by "adequate records or by sufficient evidence corroborating his own statement." [4]
*101 The elements that must be substantiated include the "amount," "time and place," and "business purpose" of an expenditure. [5] In substantiating the amount of an expenditure, a taxpayer's daily meals may be aggregated, as well as incidental travel expenditures for items like oil and gas. [6]
Adequate records consist of "an account book, diary, statement of expense, or similar record" in which expenditures are recorded "at or near" the time made, and "documentary evidence," which, in combination, "are sufficient to establish each element of an expenditure." [7] Documentary evidence consists of "reciepts, paid bills, or similar sufficient evidence." [8]
Lacking adequate records, the taxpayer must establish the time, place, and amount of an expenditure by "other sufficient evidence" - that is, by his own written or oral statement corroborated by direct testimony (testimony other than that of the taxpayer). [9]
Business purpose may be established *102 by circumstantial evidence, when substantiation is either by adequate records or by other sufficient evidence. [10] The regulations state that in the case of a salesman calling on customers on an established sales route, the surrounding facts and circumstances may demonstrate business purpose. [11]
Petitioners have failed to substantiate, either by adequate records or other sufficient evidence, their entitlement to travel expense deductions under section 162 during any of the years in question in excess of those allowed by the Commissioner. The expenses claimed are based on entries in petitioner Lucien Gras' business journal. The very general information recorded in this journal does not establish the amount, time and place, and business purpose of each expenditure claimed and this deficiency *103 is not cured by the few receipts he has presented. Additionally, the uncorroborated testimony of petitioner Lucien Gras at the trial was devoid of specific details. With regard to meals and lodging, the business journal contains periodic entries for a gross amount under the designation of "business trip" to various locations. The gross amounts entered are simply petitioner Lucien Gras' estimates made by multiplying the number of days of a particular trip by from $25 to $30. Occasionally, the journal entry reflects a gross amount recorded on one of the receipts that was retained. On one occasion the gross amount entered is simply the difference between the amount of money petitioner Lucien Gras took with him on a trip and the amount he returned with. These entries rarely reflect the time, place, and amount of each expenditure required by the statute and regulations. Additionally, there was no showing at the trial that the estimates in the journal were made "at or near the time of the expenditure" as contemplated by the regulations. [12]
Neither do the journal entries demonstrate the business purpose subserved by these *104 claimed deductions for meals and lodging. Petitioner Lucien Gras admitted that he was not calling on an established sales route, and that he maintained no diary or daily log of customers contacted. He provided virtually no details at the trial relating to customers contacted, orders solicited, or any other business activity engaged in during his travels. In January of 1968, petitioners traveled to Florida, visiting several cities including Miami, Palm Beach, and Fort Lauderdale. In January of 1969, they visited New Orleans, Louisiana. Petitioner Lucien Gras' business journal contains no evidence of any business transacted during these trips, and his sales records for the 3-year period 1968, 1969 and 1970 do not disclose any sales in either state. The receipts petitioners did retain neither correct the journal deficiencies above described nor represent documentary evidence of the claimed deductions within the meaning of the regulations. Although no deduction for travel expenses is claimed on behalf of petitioner Donna Gras, the receipts often include expenses on behalf of both petitioners without any indication of the amount attributable to petitioner Lucien Gras. Additionally, *105 the receipts, like the journal, shed no light on business purpose. Finally, in most instances the receipts bear no relationship to the deductions claimed for meals and lodging. The claim of automobile expenses in excess of that allowed by the Commissioner must fall for the same reasons. [13] Petitioners' claim to these expenses appears to rest entirely on the use of their automobile to travel on the trips above discussed. [14] As noted, the business purpose of the trips in question has not been demonstrated either by adequate records or other sufficient evidence. Petitioner Lucien Gras' journal during the years at issue contains entries for "gas," "oil," "repairs," and "parking," and similar expenses, but these entries do not contain information indicating that the expenses were incurred for business purposes. While petitioners undoubtedly used their car for business purposes, the record also shows that they used their car for personal purposes. Petitioner's general journal entries do not contain sufficient substantiation of the business nature of these automobile expenses to justify finding in error the Commissioner's determination of the portion of these expenses incurred for business *106 purposes. II. Foreign Travel Expenses Petitioners spent 6 weeks in France in 1969, and 8 weeks in France in 1970. They claim deductions under section 162 for the expenses incurred by Lucien in connection with these trips. Petitioners have failed to substantiate either by adequate records or other sufficient evidence any expenses that are deductible under section 162 in connection with their trips to France. Petitioner Lucien Gras is a native and citizen of France. He has many friends and close relatives living in France. Petitioner Donna Gras' father lives in France. Petitioners made it a general practice to travel together to France each summer, when it was a convenient time to take a vacation. The did not travel to France at any other time during the year. *107 Petitioner Lucien Gras made no appointments with suppliers before leaving on these trips and he has submitted no schedule of business appointments while in France during these trips. Virtually no details were provided explaining the specific business activities allegedly engaged during these trips. The deductions claimed are based on petitioner Lucien Gras' personal estimate that business activities sporadically engaged in and intermingled with personal affairs nevertheless consumed a total of 3 weeks of his time in both years. There was no showing that even this general estimate was made at or near the time of the alleged expenditures. Since petitioners have failed to substantiate any business purpose for their 1969 and 1970 trips to France, the travel expenses to and from France in issue here are not deductible. Petitioners admittedly incurred expenses traveling in France during these years for meals and lodging, transportation, and rental of a car. But since petitioners have provided virtually no details concerning the business activity conducted during these trips, they have failed to substantiate their right to deduct any of these expenses. III. Theft of Samples, Garment *108 Bag and Suit In 1969 various items, including optical samples, and a suit and a garment bag, were stolen from petitioner's automobile. The parties stipulated that with the exception of the garment bag and the suit, all of the items were previously deducted as merchandise or office supply purchases. Since petitioners have already deducted the cost of the samples and supplies as ordinary and necessary business expenses under section 162, they cannot again deduct them under section 165. [15] To grant petitioners' claim would improperly allow them a double deduction for the same expenditures. Section 1.161-1, Income Tax Regs.Reliable Incubator & Brooder Co., 6 T.C. 919 (1946); J.G. Boswell Co., 34 T.C. 539 (1960), affirmed 302 F.2d 682 (C.A. 9, 1962). *109 Respondent admits that the loss of the suit and garment bag were theft losses that would be deductible in 1969 under section 165(c) (3) (to the extent that the loss exceeds $100) even though not connected with a trade or business, if petitioners had itemized their deductions. However, petitioners claimed the standard deduction and seek to deduct the cost of the suit and garment bag as a business loss under section 165(c) (1). The suit for which petitioners seek a deduction was custom made for Lucien Gras, and he wore the suit on social occasions as well as when he called on customers. The suit was adapted to general usage and was so used. The loss of the suit and garment bag were, therefore, not losees sustained in trade or business deductible under section 165(c) (1). Decision will be entered for the respondent. Footnotes
*. Pursuant to a notice of reassignment sent to the parties, and to which no objections were filed, this case was reassigned on July 12, 1974, from Judge Graydon G. Withey, who heard the case, to Judge Richard C. Wilbur↩ for disposition. 1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
3. Sec. 1.274-5, Income Tax Regs. This Court carefully considered the regulations applicable to this case in William F. Sanford, 50 T.C. 822 (1968), affirmed per curiam 412 F.2d 201, (C.A. 2, 1969), certiorari denied 396 U.S. 841↩ (1969), and upheld the validity of the regulations. 4. Sec. 1.274-5(c), Income Tax Regs.↩
5. Sec. 1.274-5(b) (1), Income Tax Regs.↩
6. Sec. 1.274-5(b) (2), Income Tax Regs.↩
7. Sec. 1.274-5(c) (2) (i), Income Tax Regs.↩
8. Sec. 1.274-5(c) (2) (iii), Income Tax Regs.↩
9. Sec. 1.274-5(c) (3), Income Tax Regs.↩
10. Sec. 1.274-5(c) (2) (ii) (b) and 1.274-5(c) (3) (ii), Income Tax Regs.↩ The language relating to substantiation by adequate records does, however, say that "a written statement of business purpose generally is required," but no similar requirement is included in the language relating to substantiation by other sufficient evidence. 11. Sec. 1.275-1(c) (ii) (b), Income Tax Regs.↩
12. Sec. 1.274-5(c) (2) (ii) (a), Income Tax Regs.↩
13. Petitioners' claim 80 percent business usage for all 3 years. The percentage of the total automobile expenses now claimed that the Commissioner has allowed is 31 percent in 1968, 44 percent in 1969, and 31 percent in 1970. ↩
14. Some of petitioners' automobile expenses may have been for local transportation not within the purview of section 274, but no evidence of this fact was introduced at the trial. ↩
15. The relevant language provides: SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * * (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss of such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. * * * ↩