GEORGE L. GEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gee v. Commissioner
Docket No. 3160-76.
United States Tax Court
T.C. Memo 1977-72; 1977 Tax Ct. Memo LEXIS 370; 36 T.C.M. (CCH) 327; T.C.M. (RIA) 770072; March 21, 1977, Filed George L. Gee, pro se. Alan M. Jacobson and Thomas G. Hodel, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1973 in the amount of $1,988.12.The issues presented for our consideration are: 1. Whether petitioner is entitled to deduct entertainment expenses in the amount of $3,281. 2. Whether petitioner is entitled to deduct child care expenses in the amount of $2,400. FINDINGS OF FACT Petitioner, George L. Gee, resided in Chicago, Illinois, at the time the petition was filed in this case. For the taxable year 1973, petitioner timely filed his individual Federal income tax return with *371 the internal revenue service center at Kansas City, Missouri. On petitioner's 1973 return, he deducted $3,281.48 for entertainment expenses and $2,400 for child care expenses. Attached to his return was Form 2441 (Expenses for Household and Dependent Care Services) which reflects 12 monthly payments of $200 each, totaling the $2,400 claimed. On February 4, 1976, respondent issued a statutory notice of deficiency to petitioner. In the notice, respondent disallowed petitioner's deductions in full for entertainment expenses and child care expenses for lack of substantiation. The notice also contained three other adjustments which petitioner has conceded. During 1973 petitioner was an officer of Banneker Systems, Inc. Petitioner claims that the entertainment expenses of $3,281.48 represent expenditures made by him to entertain prospective customers of Banneker Systems, Inc. The only evidence furnished by petitioner to substantiate the claimed expenses was restaurant receipts that totaled $3,188.98. These receipts show the amount of the bill. The majority of these receipts contain no dates and only approximately one-half of them state the name of the restaurant or the number *372 of persons served. During 1973 petitioner maintained a "daytimer" in which he recorded the names of the individuals whom he entertained in 1973. At the end of 1973, his company went out of business and he destroyed all his records except for the restaurant receipts. Petitioner stated that since the company went out of business, he felt that he no longer had need of this diary. Petitioner claims that he made cash payments for child care to an unnamed individual during 1973 but was unable to secure any substantiation from that individual. He further claims that he paid the unnamed individual $15 per child per week and that he had his two youngest children staying with him beginning in the summer to about Thanksgiving and his oldest child stayed with him during the summer until school started that fall. OPINION Issue 1. Entertainment Expenses
Petitioner deducted $3,281.48 for entertainment expenses in 1973. In order to deduct these expenditures, petitioner must meet the requirements of section 274(d), [1] and the regulations promulgated thereunder. These regulations require that the taxpayer substantiate each "element" of a deductible expenditure by "adequate records *373 or by sufficient evidence corroborating his own statement." [2] The elements that must be substantiated include "the amount," "time and place," and "business purpose" of an expenditure. [3]
Adequate records consist of "an account book, diary, statement of expense, or similar record" in which expenditures are recorded "at or near" the time made, and "documentary evidence," which, in combination, "are sufficient to establish each element of an expenditure." [4] Documentary evidence consists of "receipts, paid bills, or similar sufficient evidence." [5]
Lacking adequate records, the taxpayer must establish the time, place, and amount of an expenditure by "other sufficient evidence"--that is, by his own written or oral statement corroborated by direct testimony (testimony other than that of the taxpayer). [6] See William F. Sanford,50 T.C. 822 (1968), affd. per curiam 412 F. 2d 201, (2nd Cir. *374 1969), cert. denied 396 U.S. 841 (1969). Petitioner introduced receipts, primarily from restaurants in Washington, D.C. totaling nearly $3,200. While these receipts show the amount of the bill, most of them contain no dates and around one-half of them fail to state the name of the restaurant or the number of persons served. No records or receipts were introduced that indicate the specific individuals entertained, or the business purpose that may have been involved. The statute is specific, and was specifically enacted to avoid estimates being made on the set of circumstances that we confront. We therefore have no alternative but to decide this issue for respondent. Issue 2. Child Care Expenses
On his return for 1973 petitioner also deducted $2,400 for child care expenses. Respondent disallowed this deduction, contending that petitioner has not substantiated that any amount was paid in 1973 for child care. Respondent also contends that petitioner failed to show that in 1973 he maintained a household that included a dependent or spouse of the taxpayer who is a qualified individual within the meaning of section *375 214 (b) (1). Petitioner testified that all of the child care payments claimed for 1973 were made in cash. He had no receipts of any kind for the payments made although the amount of the deduction claimed is $2,400. The alleged recipient did not testify at the trial nor was any evidence, other than petitioner's bare assertion that the payments were made, introduced to substantiate that they were in fact made, and were for child care as defined in section 214(b). While we doubt the record would justify the conclusion that petitioner maintained a household for qualifying individuals within the meaning of section 214(b) (1), we need not reach this issue. In view of the lack of any substantiation, we must also decide this question for respondent. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. ↩
2. Sec. 1.274-5(c), Income Tax Regs.↩
3. Sec. 1.274-5(b) (1), Income Tax Regs.↩
4. Sec. 1.274-5(c) (2) (i), Income Tax Regs.↩
5. Sec. 1.274-5(c) (2) (iii), Income Tax Regs.↩
6. Sec. 1.274-5(c) (3), Income Tax Regs.↩