JERRY E. AND JUDY C. TURNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Turner v. Commissioner
Docket No. 28636-81.
United States Tax Court
T.C. Memo 1983-124; 1983 Tax Ct. Memo LEXIS 664; 45 T.C.M. (CCH) 939; T.C.M. (RIA) 83124; March 9, 1983. Jerry E. and Judy C. Turner, pro se. Vikki L. Pryor, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special *665 Trial Judge Daniel J. Dinan, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1977 in the amount of $2,405. The parties having made various concessions, the issues remaining for decision are (1) whether petitioner, Jerry E. Turner [3] is entitled to deduct as educational expenses under section 162 certain payments for flight-training expenses for which he received nontaxable reimbursement from the Veterans' Administration and (2) whether he is entitled to deduct various other expenses *666 as ordinary and necessary business expenses. Petitioner lived in St. Charles, Illinois, when he filed his petition in this case. Petitioner is a Navy veteran. In 1968, he was hired as a pilot by United Air Lines (U.A.L.). Because of the seniority system observed by U.A.L., petitioner was assigned the position of flight engineer, the third position in the flight cabin of a commercial airliner behind that of the captain and first officer or co-pilot. During 1977, petitioner attended flight training classes at Van Nuys Airport in California in order to maintain his skills as a pilot. The cost of the flight training program was $7.786. Petitioner also alleges that he incurred ground transportation expenses, meals expenses and air travel expenses directly related to the flight training course in the amount of $598. The Veterans' Administration, in 1977, reimbursed petitioner $7,007.40 which amount is 90 percent of the $7,786 cost for the flight training course. Petitioner *667 paid the remaining 10 percent of the cost for the flight training course, or $778.60, by personal check. On his 1977 return, petitioner deducted $9,384 as an educational expense. Upon auditing petitioner's return, the respondent disallowed all but $778.60 of the amount claimed. Respondent contends that petitioner may not deduct the amount of $7,007.40 because that amount, which was reimbursed by the Veterans' Administration, constituted tax-exempt income and, therefore, was not deductible under section 265. Those payments made by the Veterans' Administration to petitioner were exempt under 38 U.S.C. section 3101(a), which provides that all benefit payments made pursuant to the laws administered by the VA are not subject to tax. This precise issue was addressed by this Court in Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982). In that case we held at 995: We agree with petitioner that if the income derived from his employment as a commercial pilot were tax-exempt, and his educational expenses were not reimbursed by the VA, the flight-training deduction would be allocable to such income for purposes *668 of section 265(1). We do not agree, however, that the deduction is permanently locked into his employment income where the expenses are also subject to exempt reimbursement. In that situation, we think the proximate one-for-one relationship between the reimbursement and the deduction overrides the underlying relationship between the deduction and the employment income, leaving the deduction "directly allocable," as that term is used is section 1.265-1(c), Income Tax Regs., solely to the reimbursement and to no other class of income. Our opinion in Manocchio is dispositive of the section 265 issue in this case and we sustain the respondent's determination in the instant case. As to the remaining $598 claimed as an educational expense by the petitioner, we find that he is entitled to deduct as ordinary and necessary expenses $132.21 for car rental and $5 which he spent for a class handbook. He is not entitled to the balance of $460.79 claimed by him. Section 274(d) provides that no deductions shall be allowed under section 162 for any traveling expenses (including meals and lodging while away from home), unless the taxpayer substantiates "by adequate records or by sufficient *669 evidence corroborating his own statement" specified elements of such expenditures including the amount of the expense, and the time and place of such expense.The regulations provide that the taxpayer, in order to meet the "adequate records" requirement must maintain a diary, account book, statement of expense, or similar record prepared contemporaneously with the expenditures and, in certain circumstances, must also produce documentary evidence of the expenditure. Section 1.274-5(c)(2), Income Tax Regs. This Court has sustained the validity of such regulations. Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam, 412 F.2d 201 (2nd Cir. 1969). Petitioner admitted at trial that he did not keep the records required, except for those sufficient to substantiate the car rental and handbook expenses mentioned above. We have no doubt that petitioner incurred additional traveling expenses while traveling from his home in Connecticut to Van Nuys, California, where he took his flight training course, but under section 274 we do not have the authority to make our own estimate of reasonable costs under the Cohan rule ( Cohan v. Commissioner,39 F.2d 540 (2nd Cir. 1930)). *670 We must, therefore, sustain the respondent. [4]
Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1977, unless otherwise indicated. ↩
2. Pursuant to the order of assignment on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioner Judy C. Turner is a party to this action only because she filed a joint return with her husband for 1977. Hereinafter, when we refer to petitioner, we will be referring to Jerry E. Turner.↩
4. The parties have not argued the applicability of sec. 265 with respect to these expenses, and the conclusion here reached is not intended to indicate the Court's view as to the possible effect of that section on the deductibility of these amounts.↩