T.C. Memo. 2009-185

UNITED STATES TAX COURT

JAMES J. ROSEMANN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7573-08.                    Filed August 13, 2009.

James J. Rosemann, pro se.

<u>Lynette Mayfield</u> and <u>Beth A. Nunnink</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes of $3,089 for 2004 and $4,213

for 2005 and accuracy-related penalties under section 6662(a)[1] of $815.40 for 2004 and $842.60 for 2005.

After concessions,[2] the issues we must decide are:

(1) Whether petitioner was a statutory employee for 2004 and 2005 entitled to report his income and expenses on Schedule C, Profit or Loss From Business, or a common law employee whose deductions for those years were reportable on Form 2106, Employee Business Expenses, and Schedule A, Itemized Deductions, subject to the 2-percent limitation imposed on miscellaneous itemized deductions under section 67(a) and (b);

(2) whether petitioner has substantiated claimed employee business expense deductions in 2004 and 2005 for mileage, depreciation, section 179 expenses, and a repair with respect to his personal vehicle; and

(3) whether petitioner is liable for accuracy-related penalties for 2004 and 2005.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner conceded that he is not entitled to charitable contribution deductions for cash contributions of $2,225 for 2004 and $1,887 for 2005 and deductions for travel and entertainment expenses of $680 for 2004 and $3,112 for 2005.  Respondent had disallowed the charitable contribution deductions for lack of substantiation and the travel and entertainment expense deductions because they were reimbursed by petitioner's employer.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Tennessee when he filed his petition.

During 2004 and 2005 petitioner worked as an outside salesman for Cooper Container Corp. (Cooper), and for a brief period in 2004 he worked for Greathouse Packaging. He had worked for Cooper since 1992 as an account manager. In 2004 and 2005 Cooper paid petitioner a salary and quarterly commissions for taking orders for cardboard containers and packaging. He worked mainly out of his vehicle and his home. Petitioner was required by Cooper to work 40 hours per week during business hours and to report to its place of business for meetings once or twice a week. He could not wear casual clothes in Cooper's offices or when calling on customers. Cooper had the right to discharge petitioner at will.

Cooper provided petitioner with the following benefits: A $5,000 life insurance policy; 3 weeks of annual paid vacation leave; sick leave; health insurance; and a section 401(k) retirement plan.

In 2004 and 2005 Cooper leased a Mazda for petitioner's business use at the corporation's expense and allowed him to use it for some personal purposes. Petitioner regularly submitted

weekly expense reports to Cooper that contained detailed information regarding his auto mileage, meals and entertainment, and the persons contacted at the companies served. He also submitted a mileage log each month with odometer figures. Cooper reimbursed petitioner for the automobile mileage expenses and other business expenses related to his work as an outside salesman of its products.

At times during the years at issue petitioner used his personal sport utility vehicle, a Jeep Cherokee in 2004 and a Ford Expedition in 2005, to make some deliveries to customers, to deliver samples for design work to Cooper's offices, or to return bad products. Petitioner was not reimbursed by Cooper for business travel in his personal vehicle. Petitioner kept no records regarding the business use of the Jeep Cherokee and the Ford Expedition. He kept no record of the deliveries to customers and no mileage records. In 2005 he had the transmission reconditioned in his Ford Expedition for $1,629 and claimed a repair expense of $818 on his Federal income tax return based on 50 percent business use.

James Clark, an unenrolled return preparer, prepared petitioner's 2004 and 2005 Federal income tax returns. On Form 4562, Depreciation and Amortization, for 2004 petitioner claimed a section 179 expense deduction of $4,000 on his personal vehicle, the Jeep Cherokee, based on business use of 80.67 percent, with an

estimated 7,004 business miles driven. For 2005 he erroneously claimed on Form 4562 a depreciation deduction of $1,537 on the Jeep Cherokee, rather than the Ford Expedition which he then owned, based on business use of 93.37 percent with an estimated 26,148 miles driven.

Respondent disallowed car expenses of $3,571 for 2004 and $8,008 for 2005 that petitioner claimed on his tax returns. These expenses included amounts claimed for mileage for using his personal vehicle for some alleged business purposes.

On his Federal income tax returns petitioner claimed deductions on Schedule C of $4,745 for 2004 and $6,438 for 2005. Respondent determined in the notice of deficiency that the deductions were improperly claimed on Schedule C and should have been claimed on Schedule A as employee business expenses, which are subject to the 2-percent adjusted gross income limitation. Respondent determined that petitioner was a common law employee and not a statutory employee. The Forms W-2, Wage and Tax Statement, which petitioner received from Cooper did not indicate in box 13 that petitioner was a statutory employee. Cooper withheld Federal taxes as well as Social Security and Medicare taxes from petitioner's wages and commissions.

OPINION

I. Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, pursuant to section 7491(a), the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue." The burden will shift only if the taxpayer has, inter alia, complied with substantiation requirements pursuant to the Internal Revenue Code, maintained required records and "cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Sec. 7491(a)(2). Petitioner has not asserted that the burden of proof has shifted to respondent. Moreover, petitioner has neither complied with the substantiation requirements nor maintained the required records. Accordingly, the burden of proof remains on petitioner.

II. Employment Classification

A. Statutory Employee

A statutory employee may properly reflect business income and expenses in full on Schedule C of Form 1040, U.S. Individual Income Tax Return, and thereby avoid the Schedule A limitations on

the deduction of employee business expenses and the phaseout of itemized deductions.[3]  See Prouty v. Commissioner, T.C. Memo. 2002-175 (citing Rev. Rul. 90-93, 1990-2 C.B. 33).  An individual qualifies as a statutory employee pursuant to section 3121(d)(3) only if such individual is not a common law employee pursuant to section 3121(d)(2).  Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 269 (2001).  Section 3121(d) defines employee, in pertinent part, as follows:

> (1) any officer of a corporation; or
>
> (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; or
>
> (3) any individual (other than an individual who is an employee under paragraph (1) or (2)) who performs services for remuneration for any person--
>
>     *        *        *        *        *        *        *
>
> > (D) as a traveling or city salesman, other than as an agent-driver or commission-driver, engaged upon a full-time basis in the solicitation on behalf of, and the transmission to, his principal (except for side-line sales activities on behalf of some other person) of orders from wholesalers, retailers, contractors, or operators of hotels, restaurants, or other similar establishments for merchandise for resale or supplies for use in their business operations;

---

[3]Generally, an employee may deduct unreimbursed employment expenses on Schedule A subject to an overall 2-percent of adjusted gross income limitation.  See secs. 62(a), 67(a).  A statutory employee is not an employee for purposes of sec. 62.  See sec. 3121(d); Prouty v. Commissioner, T.C. Memo. 2002-175.  As the Court concludes, infra, that petitioner is not a statutory employee, petitioner's expenses are subject to this overall 2-percent of adjusted gross income limitation.

if the contract of service contemplates that substantially all of such services are to be performed personally by such individual; except that an individual shall not be included in the term "employee" under the provisions of this paragraph if such individual has a substantial investment in facilities used in connection with the performance of such services (other than in facilities for transportation), or if the services are in the nature of a single transaction not part of a continuing relationship with the person for whom the services are performed; * * *

Because an individual qualifies as a statutory employee only if the individual is not a common law employee, the Court will initially decide whether petitioner was a common law employee of Cooper.

B. Common Law Employee

Whether an individual is an independent contractor or a common law employee is a question of fact. See Ware v. United States, 67 F.3d 574 (6th Cir. 1995); Weber v. Commissioner, 103 T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th Cir. 1995). Doubtful questions should be resolved in favor of employment. Breaux & Daigle, Inc. v. United States, 900 F.2d 49, 52 (5th Cir. 1990). Generally, petitioner has the burden of proving error in respondent's notice of deficiency determination that he was a common law employee. See Rule 142(a); Profl. & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 231 (1987), affd. 862 F.2d 751 (9th Cir. 1988).

In determining whether a worker is a common law employee or an independent contractor, the Court generally considers: (1) The

degree of control exercised by the principal; (2) which party invests in work facilities used by the individual; (3) the opportunity of the individual for profit or loss; (4) whether the principal can discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; (7) the relationship the parties believed they were creating; and (8) the provision of employee benefits. See Ewens & Miller, Inc. v. Commissioner, supra at 270; Weber v. Commissioner, supra at 387. All the facts and circumstances of each case are considered, and no single factor is dispositive.

1. Degree of Control

The degree of control necessary to find employee status varies with the nature of the services the worker provides. Although petitioner had some independence and flexibility in planning his sales work and contacting customers in promoting his employer's products, Cooper retained and exercised considerable control over petitioner's activities. He was an at-will employee, as were all who worked for Cooper. He was subject to dismissal; he was required to attend regular weekly meetings at the Cooper facility; he had to keep normal business hours; he was required to work a minimum of 40 hours per week; he had to observe Cooper's no-jeans dress code; his productivity was periodically checked; and Cooper's officers treated him as an employee. Thus, we find

that Cooper had a right of control over petitioner sufficient for an employment relationship.

### 2. Investment in Facilities

The parties have stipulated that petitioner's work for Cooper did not involve a risk of financial loss. Cooper invested in the facilities, but petitioner did not. The fact that petitioner maintained a home office, standing alone, does not constitute a sufficient basis for a finding of independent contractor status. See Colvin v. Commissioner, T.C. Memo. 2007-157, affd. 285 Fed. Appx. 157 (5th Cir. 2008). Furthermore, Cooper provided petitioner with a vehicle for his sales work in 2004 and 2005 and reimbursed him for his travel expenses. This factor supports common law employee status.

### 3. Opportunity for Profit or Loss

Petitioner was paid a salary and commissions, with periodic reconciliations. There is no evidence that petitioner otherwise had any opportunity for profit or loss while he worked for Cooper. This factor weighs in favor of petitioner's being a common law employee.

### 4. Right To Discharge

Where the principal retains the right to discharge a worker, it is indicative of an employer-employee relationship. Id. Cooper retained the right to discharge petitioner at will. This factor weighs in favor of common law employee status.

5. Integral Part of Regular Business

Petitioner's services were an integral part of Cooper's regular business of manufacturing and selling cardboard shipping containers and packaging. Petitioner made sales presentations and solicited orders for cardboard shipping containers and packaging for Cooper. Petitioner's sales were therefore a key factor in Cooper's business. Where work is part of the principal's regular business, it is indicative of employee status. Simpson v. Commissioner, 64 T.C. 974, 985, 989 (1975). Accordingly, this factor weighs in favor of petitioner's being a common law employee.

6. Permanency of Relationship

There has been a significant permanency of the relationship between petitioner and Cooper. Petitioner has worked for Cooper since 1992. Permanency of a working relationship is indicative of common law employee status. Thus the lengthy working relationship between Cooper and petitioner weighs in favor of petitioner's being a common law employee.

7. Relationship the Parties Thought They Created

While petitioner and Cooper had no written employment contract, the relationship the parties thought they were creating was shown by the testimony of Cooper's vice president. She testified that Cooper retained the right to discharge petitioner; retained other controls over his employment; elected not to check

the box 13 on Forms W-2 indicating that petitioner was a statutory employee; withheld income taxes, employment taxes, and Medicare taxes; and provided several employee benefits. Her testimony shows that the nature of the relationship Cooper thought it was creating with petitioner was that of employer-employee. This factor weighs in favor of finding that petitioner was a common law employee during the years at issue.

8. Provision for Employee Benefits

Benefits such as health insurance, life insurance, paid vacations, and retirement plans are typically provided to employees. Weber v. Commissioner, 103 T.C. at 393-394. Petitioner received 3 weeks of annual paid vacation, health insurance, a life insurance policy, and sick leave and participated in Cooper's section 401(k) retirement plan. Cooper also provided petitioner with a company car and reimbursed him for his business expenses with the exception of cell phone, home phone, home computer, Internet services, and home fax expenses, which respondent allowed as nonreimbursable expense deductions. All of these benefits clearly support a finding that petitioner was a common law employee during 2004 and 2005.

We realize, as petitioner testified, that the IRS audited his 1995 and 1996 income tax returns to determine whether he qualified as a statutory employee. Because the auditor agreed with petitioner that he was then qualified as a statutory employee,

petitioner continued using that same status in his income tax returns for later years. It was not until the audit for 2004 and 2005 that respondent again challenged petitioner's claimed statutory employee status. As the Court informed petitioner, each taxable year stands alone, and the Commissioner may challenge in a succeeding year what was condoned or agreed to in a previous year. Auto. Club of Mich. v. Commissioner, 353 U.S. 180 (1957); Rose v. Commissioner, 55 T.C. 28 (1970). Thus the IRS's failure to challenge petitioner's claimed statutory employee status during the prior years does not entitle petitioner to that status for the years in suit.

9. Conclusion

Even though there are some aspects of petitioner's work indicating independent contractor status and therefore the possibility that he may have been a statutory employee during the years at issue, our analysis of the applicable factors strongly supports the conclusion that petitioner was a common law employee of Cooper. Hence petitioner is precluded from being a statutory employee pursuant to section 3121(d)(3). See Ewens & Miller, Inc. v. Commissioner, 117 T.C. at 269. Accordingly, he is not entitled to deduct expenses on Schedule C.

III. Petitioner's Deductions Relating to Personal Vehicle Expenses, Depreciation, Section 179 Expenses, and a Repair

In view of our conclusion that petitioner is not entitled to deduct expenses on Schedule C, we must now decide whether

petitioner is entitled to deduct expenses incurred in connection with his employment on Schedule A.  See sec. 67(a).

A.  Schedule A Deductions

An individual performing services as an employee may deduct miscellaneous itemized expenses incurred in the performance of services as an employee only to the extent such expenses exceed 2 percent of the individual's adjusted gross income.  Sec. 67(a).

B.  General Deduction Rules

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers must maintain records relating to their expenses and must prove their entitlement to all claimed deductions, credits, and expenses in controversy.  See sec. 6001; Rule 142(a).

Pursuant to section 162(a), a taxpayer is entitled to deduct all of the ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business.  The deduction for an employed individual's unreimbursed business expenses under section 162 is claimed on Form 2106 and included in the miscellaneous itemized deductions claimed on Form 1040 Schedule A.  Expenses incurred in the performance of services as an employee are to be reported and memorialized as required by

the regulations promulgated under section 162.  See sec. 1.162-17(a), Income Tax Regs.  The taxpayer bears the burden of proving that the claimed expenses were ordinary and necessary according to section 162.  The employee must show the relationship between the expenditures and the employment.  See Evans v. Commissioner, T.C. Memo. 1974-267, affd. in part and revd. in part on another ground 557 F.2d 1095 (5th Cir. 1977).  In certain instances the taxpayer must meet specific substantiation requirements in addition to the requirements of section 162.  See sec. 274.

If a claimed expense (other than one subject to heightened scrutiny under section 274) is not fully substantiated, we are permitted to estimate the expense when we are convinced from the record that the taxpayer has incurred it.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  However, the taxpayer must present credible evidence that provides a rational basis for our estimate.  Vanicek v. Commissioner, supra at 743.  Petitioner has presented no evidence that would provide a reasonable basis upon which we can estimate any expense under the Cohan rule.

C. <u>Vehicle Mileage</u>

Vehicle mileage deductions are subject to the strict substantiation requirements of section 274(d). Where a taxpayer fails to establish that his records satisfy the heightened substantiation requirements of section 274(d), the expenses will not be allowable.

Section 274(d) applies, in part, to the use of "listed property", which includes passenger automobiles. To deduct such expenses, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) The amount of the expenditure or use, which includes mileage in the case of automobiles; (2) the time and place of the travel, or use; and (3) the business purpose of the expense. <u>Id.</u>

To satisfy the adequate records requirement of section 274, a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction of the elements of the expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In lieu of substantiating the actual amount of any expenditure relating to the business use of a passenger automobile, a taxpayer may use a standard mileage rate as established by the IRS.  See sec. 1.274-5(j)(2), Income Tax Regs. The standard mileage rate is to be multiplied by the number of business miles traveled.  The use of the standard mileage rate establishes only the amount deemed expended with respect to the use of a passenger automobile.  The taxpayer must still establish the amount (i.e., business mileage), the time, and the business purpose of each use.

Petitioner claimed in his 2004 income tax return a section 179 expense deduction of $4,000 for his personal 2001 Jeep Cherokee, placed in service on January 13, 2004, based on 80.67 percent business use, and in his 2005 return a depreciation deduction of $1,537, based on 93.37 percent business use.  For 2004 he claimed 7,004 business miles and for 2005 he claimed 26,148 business miles.  At trial he admitted that he had no records to substantiate these claimed deductions or the business miles driven in those years and no records of any of the deliveries made to Cooper's customers.  The amounts claimed for business use of the Jeep Cherokee were only estimates.  He testified that he did not even use the Jeep Cherokee in 2005 but bought a used Ford Expedition in that year and used it for personal as well as some business purposes.  He also testified

that the Jeep Cherokee and the Ford Expedition were probably not used more than 50 percent for business, even though he reported 80.67 percent business use in 2004 and 93.37 percent business use in 2005. We think his estimates were greatly exaggerated and not supported by any contemporaneous or permanent records. Petitioner further claimed a repair expense of $818 for replacing the transmission in his personal Ford Expedition.

In the notice of deficiency respondent disallowed all of the deductions for vehicle expenses, depreciation, section 179 expenses, and the repair because of inadequate substantiation. We agree with respondent. It is clear on this record that petitioner did not maintain the necessary books and records required to substantiate his claimed business expense deductions for the use of his personal vehicle during the years in issue in accordance with the provisions of sections 6001 and 274 and the regulations thereunder. Therefore, we hold that petitioner failed to prove that he is entitled to any employee business expense deductions in excess of those respondent allowed.

IV. Section 6662(a) Accuracy-Related Penalties

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). In order to meet the burden of production under section 7491(c), the Commissioner need

only make a prima facie case that imposition of the penalty or addition to tax is appropriate. On the basis of our findings herein, respondent has met his burden of production with respect to the disallowed deductions. Petitioner did not make a reasonable attempt to comply with the law in some respects or maintain adequate records with respect to his claimed deductions.

Respondent determined that petitioner is liable for the accuracy-related penalties under section 6662(a) for 2004 and 2005. Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, including negligence or disregard of rules or regulations. See sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most

important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

We impose no accuracy-related penalties against petitioner with respect to the issue of whether he was a statutory or common law employee during 2004 and 2005. We conclude on these particular facts and circumstances that petitioner acted reasonably and in good faith because he relied on respondent's determination in a prior audit for the 1995 and 1996 taxable years that he qualified as a statutory employee entitled to use Schedule C for tax purposes. See sec. 1.6664-4(b)(1), Income Tax Regs.; see also Tesar v. Commissioner, T.C. Memo. 1997-207; De Boer v. Commissioner, T.C. Memo. 1996-174; Balis v. Commissioner, T.C. Memo. 1992-34, affd. without published opinion 987 F.2d 770 (5th Cir. 1993).

As to petitioner's concessions that he is not entitled to the unsubstantiated charitable contribution deductions he claimed for 2004 and 2005 and the claimed travel and entertainment expenses which were reimbursed by his employer, we sustain the accuracy-related penalties pursuant to section 6662(a) because of petitioner's disregard of rules or regulations.

Finally, we sustain respondent's determination of accuracy-related penalties with respect to petitioner's claimed business expense deductions pertaining to his personal vehicle. Here again petitioner disregarded the substantiation rules or regulations.

In view of petitioner's detailed expense reports required to be submitted to his employer, Cooper, for reimbursement of the leased vehicle mileage, and for his meal and entertainment expenses, we think petitioner was well aware of his responsibility to maintain separate records to support his claimed expense deductions for any business use of his personal sport utility vehicle. He was negligent in failing to do so. Accordingly, we hold that he is liable for the accuracy-related penalties with respect to such unsubstantiated deductions.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.