JOHN POWERS and ANNE M. POWERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Powers v. Commissioner
Docket No. 4666-77.
United States Tax Court
T.C. Memo 1978-311; 1978 Tax Ct. Memo LEXIS 205; 37 T.C.M. (CCH) 1304; T.C.M. (RIA) 78311; August 9, 1978, Filed John Powers and Anne M. Powers, pro se. Gerald W. Leland, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined *206 deficiencies of $ 2,043 and $ 1,754 in petitioners' 1974 and 1975 Federal income taxes. After concessions, the issues remaining for our decision are: (1) whether petitioners are entitled to traveling expense deductions in 1974 and 1975 in excess of the amounts allowed by respondent; (2) whether petitioners are entitled to a medical expense deduction in 1974; (3) whether petitioners are entitled to a property and sales tax deduction in 1975 in excess of the amount allowed by respondent; (4) whether petitioners are entitled to an interest deduction in 1975 in excess of the amount allowed by respondent; and (5) whether petitioners are entitled to a child care deduction in 1975. FINDINGS OF FACT Some facts were stipulated and are found accordingly. John (hereinafter petitioner) and Anne M. Powers, husband and wife, were legal residents of New Brighton, Minnesota, when petitioner filed his 1974 separate return; and were legal residents of Minnetonka, Minnesota, when they filed their 1974 joint amended return, their 1975 joint return, and their petition in this case. In 1974 and 1975, petitioner was an electrician affiliated with a union in Minneapolis, Minnesota. When *207 work in Minneapolis became scarce, the union arranged temporary employment with various employers outside the Minneapolis area. Petitioners deducted $ 6,370 in 1974 and $ 6,667 in 1975 as employee business expenses incurred by petitioner as traveling expenses while away from home. Respondent disallowed the entire deductions for both years on the ground that petitioner's 1974 and 1975 job assignments were of an indefinite duration and therefore he was not "away from home" within the meaning of section 162(a)(2). [1] At trial, respondent conceded that petitioner's various employments in 1974 and 1975 were of temporary duration such that traveling expenses were incurred while away from home; however, respondent allowed petitioners only $ 1,110 for such expenses in 1974 and $ 1,708.68 for such expenses in 1975. Petitioner's original deductions were based upon an estimated daily expense of $ 17.25 a day; petitioner kept no records or receipts. Petitioner had back operations in 1959 and 1965. In 1974, he did not visit his physicians relative to his back condition. Also in 1974, petitioner purchased *208 a special mattress for $ 248 which was placed in his trailer. The prior mattress in the trailer was too soft for petitioner's comfort. Petitioners deducted $ 644 for medicine and drugs on their 1974 joint return.That deduction included the $ 248 mattress. Respondent disallowed the $ 644 for lack of substantiation and, because of respondent's other adjustments increasing income, petitioners' medical expenses did not exceed three percent of their adjusted gross income. In 1975, petitioners deducted $ 63 for personal property taxes and $ 152 for sales taxes. Respondent disallowed $ 37 of property taxes for lack of substantiation and $ 6 of the sales tax because of changes in petitioners' adjusted gross income. In 1975, petitioners deducted $ 1,541 as interest. That amount included $ 214 as interest paid to the First National Bank of Minneapolis. Respondent disallowed $ 131 of the $ 214 amount on the ground that only $ 83 was substantiated. In 1975, petitioners claimed a child care deduction of $ 581. Respondent agrees that the following amounts of child care expenses are properly substantiated: [2]
January
$ 105.00
July
$ 37.00
February
93.00
August
62.00
March
52.00
September
52.00
April
25.00
October
69.00
May
96.50
November
46.20
June
107.00
December
51.00
$ 795.70
*209 Nevertheless, respondent disallowed the entire $ 581 deduction since petitioners' adjusted gross income, as increased by respondent's adjustments, exceeded the income limitations prescribed in section 214(d).
OPINION The first issue we must decide is whether petitioners are entitled to traveling expense deductions under section 162(a)(2) of $ 5,260 in 1974 and $ 4,958.32 in 1975. These amounts represent the difference between what petitioners claimed on their 1974 and 1975 returns and what respondent conceded at trial. Respondent's position is that petitioners are not entitled to deduct the above amounts since they failed to satisfy the substantiation requirements of section 274(d)(1). We agree with respondent. Section 274(d) requires the taxpayer to substantiate various elements of traveling expenses by adequate records or sufficient evidence corroborating his own statement. Petitioners presented no records which could be considered adequate and produced no evidence to corroborate their own testimony. In *210 fact, petitioner's own testimony reflected the deductions were mere estimates.The statute is specific. Petitioners are not entitled to the deduction regardless of how reasonable their estimate might appear. Sanford v. Commissioner,50 T.C. 823, 827-828 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). Accordingly, we sustain respondent's determination with respect to this deduction to the extent that it exceeds the amount conceded by respondent. The next issue is whether petitioners are entitled to any medical expense deduction in 1974. Of the $ 644 deducted for medicine and drugs, petitioners presented evidence only on $ 248, an amount relating to the purchase of a special mattress to alleviate a back condition. Petitioners have the burden of proof to establish the amount and deductibility of the full amount challenged by respondent. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Since they did not present any evidence on $ 396 of the $ 644, that amount is not allowable.We also find the $ 248 expenditure to be nondeductible.
*211 Section 213(a)(1) allows, subject to limitations, a deduction for certain expenses, not compensated for by insurance or otherwise, paid during the taxable year "for medical care of the taxpayer." Whether an expense is for the medical care or personal comfort of the taxpayer is a question of fact. Petitioners presented no credible evidence suggesting that a physician prescribed this mattress for the care of petitioner's back condition. In fact, his back operations were in 1959 and 1965 and petitioner testified he did not visit his back physician in 1974. On the other hand, he did testify he felt this mattress was more comfortable. On the basis of the record before us, we must conclude the purchase of the mattress was a nondeductible personal expense. Sec. 262. Finally, since petitioners presented absolutely no evidence on the disputed amounts of interest, property and sales taxes, we sustain respondent's determination with respect to these items. Welch v. Helvering,supra;Rule 142(a), Tax Court Rules of Practice and Procedure. The deductibility of the child care expenses is dependent only upon the income limitations of section 214(d). Accordingly, *212 we need make no determination on this point since petitioners' income will be recomputed under Rule 155, Tax Court Rules of Practice and Procedure.
To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioners claimed child care expenses of $ 955 on their 1975 return but deducted only $ 581 because of the adjusted gross income limitation of sec. 214(d).↩