ROBERT B. PURYEAR AND HAZEL PURYEAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Puryear v. Commissioner
Docket No. 11778-77.
United States Tax Court
T.C. Memo 1981-187; 1981 Tax Ct. Memo LEXIS 561; 41 T.C.M. (CCH) 1294; T.C.M. (RIA) 81187; April 20, 1981. Robert B. and Hazel Puryear, pro se. Linda Dettery, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court, 69 T.C. XV (1976). [1] The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined deficiencies of $ 1,166.26 and $ 1,542.45, respectively, in petitioners' 1973 and 1974 federal income taxes. The issues presented as to both years are whether petitioners are entitled to deductions in amounts in excess of those allowed by respondent for medical expenses under section 213, [2] automobile expenses under section 162, and miscellaneous employee business expenses under sections 162 and 274(d). *563 FINDINGS OF FACT Some of the facts have been stipulated, and they are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioners, husband and wife, filed their joint federal income tax returns for the taxable years 1973 and 1974 with the Internal Revenue Service Center at Chamblee, Georgia. At the time they filed their petition herein, they resided at Dade County, Florida. Issue 1. Medical Expense Deductions. Petitioner Hazel Puryear and her two sisters, in approximately equal shares, paid most of their mother's medical and health care expenses for the years at issue. Said petitioner paid no more than one-third of the expenses in excess of her mother's social security benefits. No multiple support agreement was executed by or on behalf of said petitioner or her sisters. On their federal income tax returns for 1973 and 1974 petitioners claimed as medical expenses qualifying for deductions $ 974.06 and $ 1,054.05, respectively, for convalescent home expenses which they paid for petitioner Hazel Puryear's mother. Respondent disallowed those amounts as deductions on the ground that they were not paid for a dependent *564 (as defined in section 152(a)). Petitioner Hazel Puryear underwent surgery in each of the years at issue. Petitioners had medical insurance coverage during both years at issue. Petitioner Hazel Puryear drove to Jacksonville, Florida, frequently to visit her sisters and for medical treatment there. Petitioners claimed as medical expenses qualifying for deduction, in addition to medical insurance premiums, $ 2,614.25 for 1973 and $ 2,838.40 for 1974 for the care of themselves and their children, of which respondent disallowed $ 640.32 and $ 1,322.39, respectively, as being unsubstantiated. Issue 2. Automobile and Miscellaneous Employee Business Expenses. Petitioner Hazel Puryear owns interests in income producing real property, some in the central part of Florida, which required her to make some automobile trips in the years at issue. She is also required to make use of her private automobile in connection with her employment. Petitioners deducted $ 2,959 and $ 3,409, respectively, for business use of her automobile in 1973 and 1974, based upon 22,500 miles of business use in each year. Respondent disallowed $ 2,443 and $ 2,659, respectively, as being unsubstantiated.
*565 Petitioner Hazel Puryear claimed miscellaneous employee business expenses for the years in issue and respondent disallowed the same in his notice of deficiencies as being unsubstantiated in the following amounts: 1973
1974
Claimed
Disallowed
Claimed
Disallowed
Bus. Assn Dues
$ 423.50
$ 1.50
$ 310.00
Bus. Entertainment
175.00
175.00
175.00
$ 175.00
Prof. Publ.
48.00
(28.88)
166.20
86.25
Bus. Tel.
80.00
13.76
86.00
19.76
Long Dist.
328.00
324.00
Lic.
20.00
20.00
Postage
215.00
211.00
190.00
186.00
Off. Sup. & Equip.
235.00
235.00
315.00
240.00
Office in home
343.00
402.00
Totals
$ 1,867.50
$ 627.38
$ 1,968.20
$ 707.01
Petitioner Hazel Puryear incurred some expenses in each of the above categories other than for "lic." in each of the years involved, but offered no substantiating documents or testimony corroborating her own statements with regard to them, other than papers reflecting payments for postage of $ 8.00 in 1973 and $ 30.55 in 1974, which amounts respondent now concedes in lieu of the $ 4.00 he allowed for each year for postage in his notice of deficiencies. OPINION Issue 1. Medical *566 Espense Deductions. Section 213 (with limitations not relevant to the question before us here) allows as a deduction amounts, not compensated for by insurance or otherwise, paid during the taxable year "for medical care of the taxpayer, his [or her] spouse, and dependents (as defined in section 152)." In section 152, the term "dependent" is defined in relevant part as certain enumerated relatives and others (including the taxpayer's mother) "over half of whose support * * * was received from the taxpayer (or is treated under subsection (c) [dealing with multiple support agreements] * * * as received from the taxpayer." In accordance with the parties' stipulation and our Findings of Fact, above, it is clear that petitioners have not established that more than half of petitioner Hazel Puryear's mother's support was actually received from petitioners nor that they are to be deemed to have provided more than half of her support under a multiple support agreement. Accordingly, petitioner Hazel Puryear's mother does not qualify as petitioners' dependent under section 152 and, hence, the expenses of her medical care paid by petitioners do not qualify for deduction under section 213. *567 Whether petitioners expended more than respondent has allowed for medical and dental care for themselves and their children in the years at issue is a question of fact, and petitioners have the burden of proof, Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners rely solely on the uncorroborated testimony of petitioner Hazel Puryear, which is unpersuasive. Even if we believed all of her testimony regarding 1973, she failed to specify more than respondent allowed for expenses paid to doctors and dentists and for eyeglasses for that year. The specifics of her testimony regarding 1974 varied greatly from the claims made on petitioners' return for that year, without explanation for that variance. Her testimony regarding transportation for medical care does not permit an allocation between the expenses for that purpose and for the purpose of visiting her sisters, nor is it credible. On the basis of her testimony, we are wholly unpersuaded that petitioners expended more for medical and dental care than the amount allowed by respondent for either year. Issue 2. Automobile and Miscellaneous Employee Business Expenses. Respondent disallowed petitioners' claimed *568 entertainment expenses in full. Section 274(d) provides that "no deduction shall be allowed * * * for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity * * * unless the taxpayer substantiates by adequaterecords or by sufficientevidencecorroboratinghisownStatement (A) the amount of such expense or other item, (B) the time and place of the * * * entertainment, amusement, recreation, or use of the facility * * *, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, [or] using the facility * * *." [Emphasis supplied.] "Under this provision, a taxpayer must substantiate every expenditure claimed as a deduction by either 'adequate records' or other 'sufficient evidence,' for such expenditures as are not thus substantiated will be disallowed Infull." Sanford v. Commissioner, 50 T.C. 823, 828 (1968), affd. per curiam 412 F.2d 201 (2d Cir.), cert. denied 396 U.S. 841 (1969). *569 [Emphasis in original.] Petitioners offer no substantiation of any of these elements of their claimed entertainment expenses. Respondent's total disallowance of them must be sustained. The amounts of the other expenses to be allowed are purely factual matters, as to which petitioners have the burden of proof. The nonspecific testimony of petitioner Hazel Puryear -- the only evidence offered -- fails to persuade us that petitioners expended anything more than the amounts allowed by respondent for these items in his notice of deficiencies and conceded in this proceeding. Petitioners have totally failed to carry their burden of proof as to these claimed expenditures. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. Pursuant to General Order No. 6, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩