WILLIAM E. MATTHEWS AND HELEN A. MATTHEWS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Matthews v. Commissioner
Docket No. 19625-80.
United States Tax Court
T.C. Memo 1982-449; 1982 Tax Ct. Memo LEXIS 293; 44 T.C.M. (CCH) 713; T.C.M. (RIA) 82449; August 4, 1982. William E. Matthews, pro se. Dean F. Chatlain, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1977 in the amount of $1,410. [1] The only issues for decision are whether petitioners have substantiated the deductions they claimed for (1) medical and dental expenses, (2) charitable contributions, (3) moving expenses, and (4) employee business expenses. *294 Before discussing the individual issues we note that, with respect to all issues, the burden is on petitioners to prove that respondent's determinations are incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure.
Issue 1. Medical and Dental Expenses
and Issue 2. Charitable Contributions
The petitioners claimed the following medical and dental expenses in their Federal income tax return for the taxable year 1977: Health insurance
$300
Medicine and drugs
420
Other medical and dental expenses
1,126
After taking into account the applicable limitations based on adjusted gross income, these expenses yielded a deduction in the amount of $1,122.91. Petitioners also claimed a deduction for cash contributions to various charities in the total amount of $757. Respondent disallowed both of these deductions in their entirety, based on his conclusion that they had not been adequately substantiated. Although petitioners were unable to produce records to support their claimed deductions, we are convinced that they paid some medical expenses and made some charitable contributions. Using our best judgment on the basis of the record before us, *295 and bearing against petitioners, whose inexactitude is of their own making, we find that petitioners paid medical expenses in the following amounts: Health insurance
$200
Medicine and drugs
250
Other medical and dental expenses
600
Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). The amount of the deduction yielded by the above expenses will be determined in a computation under Rule 155 of the Court's Rules of Practice and Procedure. Similarly, we hold that petitioners are entitled to a deduction for charitable contributions in the amount of $400. Cohan v. Commissioner,supra.
Issue 3. Moving Expenses
During the year in question, petitioners were in the process of moving from Richmond, Virginia, to Charlotte, North Carolina. They claimed a deduction of $3,919 for the expenses of the move. In the original statutory notice of deficiency, the Commissioner allowed a deduction of $422.50 and disallowed the remainder of the claimed deduction, based on his conclusion that no amount in excess of $422.50 had been substantiated. As noted in footnote 1 above, a revised report was subsequently issued in which an additional *296 deduction of $1,894 was allowed. Respondent now concedes that petitioners are entitled to still another additional deduction in the amount of $306, for a total deduction of $2,622.50. Respondent continues to maintain, however, that petitioners have not established that they are entitled to a deduction in any greater amount. We agree with respondent and hold that petitioners are etitled to a deduction for moving expenses in the amount of $2,622.50. Issue 4. Employee Business Expenses
During the year in question, the petitioner William E. Matthews (hereinafter referred to as petitioner) was employed as a truck driver. Petitioners claimed a deduction of $3,581.50 for the expenses of meals consumed by petitioner while away from home in pursuit of his trade. In the statutory notice of deficiency, the Commissioner disallowed this deduction for lack of substantiation, but conceded that petitioners were entitled to a deduction of $1,416. Petitioner's expenses for meals are duductible, if at all, only under section 162. [2] Expenses of this type are covered by the strict substantiation rules of section 274(d), which provides that no deduction shall be allowed under section *297 162 for any travelling expense unless the expense is substantiated by adequate records or by sufficient evidence corroborating the taxpayer's own statement. In order to meet the "adequate records" requirement for expenses of this type, the taxpayer must maintain an account book, diary, or similar record, the entries in which are made "at or near the time of the expenditure." Sec. 1.274-5(c)(2), Income Tax Regs. We sustained the validity of the cited regulation in Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam, 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). Petitioner introduced three note pads into evidence on which he had recorded his expenses for meals consumed in the course of his trips during the year in question. The records indicated that petitioner had paid $2,267.85 for meals consumed while he was on trips of sufficient duration for him to be considered "away from home" within the meaning of section 162. Respondent challenged the contemporaneousness of the entries in these note pads with the payments of the underlying *298 expenses. We found petitioner to be a credible witness, however, and we hold that he is entitled to a deduction in the total amount of $2,267.85 for meals consumed while away from home on business. Petitioners also claimed a deduction of $522.20 for business-related telephone expenses. The Commissioner determined that petitioners had failed to substantiate a deduction in this amount but conceded that they were entitled to deduct $111.30. Petitioners have not substantiated a deduction in any amount greater than that conceded by respondent. Accordingly, we hold that petitioners are entitled to a deduction in the amount of $111.30 for the business use of their telephone. Decision will be entered under Rule 155.
Footnotes
1. A deficiency was originally determined in the amount of $1,876. A revised report was subsequently issued, however, allowing an additional deduction for moving expenses in the amount of $1,894. The effect of this additional deduction was to reduce the amount of the deficiency to $1,410.↩
2. Statutory references are to the Internal Revenue Code of 1954, as amended.↩