T.C. Memo. 2000-385

UNITED STATES TAX COURT

JAMES L. CHRISTIAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23902-97.                    Filed December 20, 2000.

James L. Christian, pro se.

<u>Yvonne M. Peters</u>, for respondent.

MEMORANDUM OPINION

BEGHE, <u>Judge</u>:  Respondent determined a deficiency of $10,776
in petitioner's 1993 Federal income tax.  After concessions, the
issues remaining for decision are whether petitioner is entitled
to deduct expenses claimed in excess of the amounts allowed by
respondent with respect to the following three items or types of
items:  (1) Of $2,332 claimed as a deduction for depreciation in
connection with writing and retreat activities, any more than the

$79 allowed by respondent for "research and development"; (2) a $5,328 rent deduction claimed out of $6,660 paid for use of an apartment in connection with petitioner's writing activity; and (3) of $4,369 claimed as a deduction for supplies in connection with petitioner's retreat activity, any more than the $666 allowed by respondent.[1]  By reason of petitioner's failure to substantiate the deductions claimed, we sustain respondent's determinations.

Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

For clarity and convenience, following a short initial background statement, the findings of fact and discussion with respect to the separate issues have been combined under separate headings.

### Background

Some of the facts have been stipulated and are so found. The stipulations of fact and the accompanying exhibits are incorporated by this reference.  Petitioner resided in Hemet, California, at the time he filed his petition in this case.

---

[1] It is not clear from the record whether the deduction for supplies allowed by respondent was over and above the amount respondent allowed as an offset to the $2,336 of gross income that petitioner received from retreat participants.  This question should be resolved in the Rule 155 computation.

In 1993, the tax year in issue, petitioner's home and place of business in Hemet, California, was a small ranch that he had inherited from his father in 1987. Petitioner lived in the main house on the ranch, which also includes a guest house and a separate office building.

In 1992, petitioner had retired from a teaching career in Orange, California. During 1993, petitioner continued his prior second career as a writer for profit and did his writing at the ranch, which was both his home and his primary place of business for his writing activity.

In 1992, petitioner also began to make the ranch available as a retreat center. Petitioner did not maintain a separate bank account for the retreat activity, which generated $2,336 of gross income for 1993.

In addition to the activities in dispute, petitioner also carried on farming activities at the ranch, raising figs and dogs. The farming activities generated $1,325 of gross income and $25,588 of expense deductions, with respect to which respondent made no adjustments.

Issue 1. Depreciation in Connection With Writing and Retreat Activities

Neither when petitioner inherited the ranch from his father in 1987, nor at any later time, did he attempt to allocate the basis of the ranch between land and buildings or between buildings and furnishings, nor did he claim any deductions with

respect to the inherited basis of the buildings or furnishings. The $2,332 of depreciation petitioner claimed for 1993 consisted of $79 for "research and development", which respondent allowed, and $537 for research furnishings and $1,716 for improvements, which respondent disallowed. Petitioner was unable to remember what specific items were being depreciated and had no records to show basis. Respondent's determination on these items must be upheld on account of petitioner's failures to identify the items on which depreciation was claimed and to substantiate the cost of such items.

## Issue 2. Apartment Rental

During 1993, petitioner rented an apartment at 251 N. Olive, Orange, California, which he had begun renting in 1988. Originally, petitioner had used the apartment when he was teaching in Orange. Orange is approximately 80 miles from petitioner's ranch; it takes petitioner approximately 1-1/2 to 2 hours to drive to Orange from his ranch. During 1993, petitioner used the apartment for personal and business purposes. When petitioner was using the apartment for business purposes in 1993, he performed research at several libraries and met with friends and colleagues.

During 1993, petitioner's friend and assistant Lori used the apartment when she was teaching in Orange. Lori did not pay rent to petitioner for use of the apartment. Petitioner paid a total

of $6,660 to rent the apartment during 1993 and deducted $5,328 as rent expense for other business property.

Petitioner's claimed deduction of apartment rent must be disallowed because he failed to provide the substantiation required by section 274(d).

Taxpayers are permitted to deduct the expenses of a second residence as travel expenses where the expenses are reasonable and necessary, incurred while away from home, and incurred in pursuit of business. See sec. 162(a)(2); Commissioner v. Flowers, 326 U.S. 465, 470 (1946). Travel expense deductions are permitted under section 162 only if the substantiation requirements of section 274(d) are met. This includes deductions for lodging while away from home. See sec. 274(d)(1); Shea v. Commissioner, 112 T.C. 183, 188 (1999). The minimum requirements include substantiating the amount of the expense, the time and place of the travel or use of the facility or property, and the business purpose of the expense. See sec. 274(d). A taxpayer must substantiate each individual expenditure by producing (1) adequate records or (2) sufficient evidence to corroborate his or her own statements. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

To meet the adequate records standard, the taxpayer must maintain an account book, diary, log, statement of expenses, or other similar record in which entries are made at or near the

time of the expenditure. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). In addition, the taxpayer must supply documentary evidence such as receipts or paid bills. See sec. 1.274-5T(c)(2)(iii), Temporary Income Tax Regs., 50 Fed. Reg. 46019 (Nov. 6, 1985). A taxpayer who is unable to meet the adequate records standard may be able to substantiate travel expenses with his own statements containing specific details of each element, in conjunction with other corroborative evidence of each element. See sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Although the parties agreed at trial that petitioner paid rent for the apartment in Orange, California, petitioner failed to substantiate the rent payments as travel expenses related to his business. He failed to provide any records indicating the dates of travel or the specific purpose for each trip. In failing to provide an account book, diary, log, or any other specific record of his travel and expenditures, petitioner failed to meet the adequate records standard.

Petitioner also flunked the alternative test. His testimony failed to set forth with any particularity the dates and times of his travel or the specific business purpose for each trip. Nor did petitioner produce any witnesses or any other evidence to corroborate when and how often he used the apartment and that

each use was for business purposes.  Instead, petitioner estimated that he used the apartment 80 days during 1993.  An approximation of travel expenses, however, is not sufficient. The Cohan rule, see Cohan v. Commissioner, 39 F.2d 540, 543, 544 (2d Cir. 1930), providing for the Court's approximation of the amount of general business expenses, does not apply to travel expenses, see Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  Inasmuch as travel expenses may not be approximated and petitioner failed to meet either the adequate records standard or the alternative test, the deduction for apartment rent must be denied in its entirety.

At trial, petitioner argued that he should be permitted to calculate his deduction for business use of the apartment by using per diem rates.  For the reasons discussed below, petitioner is not entitled to calculate his deduction by using per diem rates.

Section 274(d) and the regulations thereunder vest the Secretary with authority to promulgate regulations that prescribe alternative methods of substantiating expenses covered by section 274.  See sec. 1.274-5T(j), Temporary Income Tax Regs., 50 Fed. Reg. 46032 (Nov. 6, 1985).  Pursuant to this authority, the Secretary has issued a series of revenue procedures providing rules under which the amount of an employee's ordinary and necessary business expenses for lodging, meals, and incidental expenses incurred while traveling away from home will be deemed

substantiated for purposes of section 274(d). Rev. Proc. 92-17, 1992-1 C.B. 679, and Rev. Proc. 93-21, 1993-1 C.B. 529, apply for the taxable year 1993. These revenue procedures also provide an optional method for employees and self-employed individuals to substantiate the amounts of business meal and incidental expenses incurred while traveling away from home.

While Rev. Proc. 92-17, sec. 4.01, 1992-1 C.B. at 680, and Rev. Proc. 93-21, sec. 4.01, 1993-1 C.B. at 531, authorize the use of the per diem method to substantiate the amount of lodging, meal, and incidental costs, this method of reporting is available only to employees whose employers pay a per diem allowance in lieu of reimbursing the actual expenses incurred by the employee while traveling away from home. However, petitioner's expenses for lodging are not covered by this provision because he was self-employed. Although petitioner, as a self-employed individual, would have been entitled to use the per diem method allowed under Rev. Proc. 92-17, sec. 4.03, 1992-1 C.B. at 680, and Rev. Proc. 93-21, sec. 4.03, 1993-1 C.B. at 531, those provisions are limited to meals and incidental expenses. Accordingly, petitioner's away-from-home lodging expenses are not deductible because they have not been otherwise substantiated pursuant to section 274(d). See Duncan v. Commissioner, T.C. Memo. 2000-269.

Petitioner's failure to satisfy the substantiation requirements under section 274(d) makes it unnecessary to

consider his other arguments.  We therefore need not expatiate on petitioner's substantive failure to persuade us of the business necessity for maintaining the apartment or otherwise to supply sufficient evidence that would have enabled us to apply the Cohan rule in his favor.

Issue 3.  Supplies Expense in Connection With Retreat Activity

Petitioner promoted the ranch as a retreat center called East/West Retreat, to be used for field trips, classes, getaway weekends, philosophy seminars, astronomy groups, weddings, and meditation for personal renewal.

Petitioner estimated that the ranch was used for retreats approximately 20 times during 1993.  Petitioner charged retreat guests $10 to $25 for 1 day at the ranch and $120 for a full week at the ranch.

Petitioner deducted $4,369 for supplies for his retreat activities.  Petitioner provided receipts to respondent, which, however, were not introduced into evidence, for groceries, office supplies, party favors, and wine.  Respondent allowed $666 as a reasonable estimate of expenses for retreat supplies.[2]

In the absence of petitioner's showing at trial that the claimed expenditures were in fact incurred and were ordinary and necessary to his activities as a retreat host, respondent's determination on this issue is sustained.

---

[2] See supra note 1.

To reflect the parties' concessions,

<u>Decision will be entered under Rule 155</u>.