T.C. Summary Opinion 2001-7

UNITED STATES TAX COURT

TINA AND SHEAFEN KUO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17217-99S.                    Filed January 25, 2001.

Sheafen Kuo, pro se.

<u>Howard J. Schneck</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $4,202 and an accuracy-related penalty in the amount of $36 for the taxable year 1996.

After concessions noted below, the issues for decision are: (1) Whether petitioners are entitled to business and rental expense deductions in excess of those allowed by respondent; (2) whether petitioners are entitled to a child care credit in excess of the amount allowed by respondent or, alternatively, entitled to exclude from income the cost of child care services under section 129(a); (3) whether petitioners received but did not report dividend income; and (4) whether petitioners are liable for an accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Staten Island, New York, on the date the petition was filed in this case.

The first issue for decision is whether petitioners are entitled to business and rental expense deductions in excess of those allowed by respondent. Petitioners claimed $14,920 of business expenses on Schedule C, Profit or Loss From Business,

and rental expenses of $9,330 on Schedule E, Supplemental Income and Loss. Respondent disallowed $13,529 of the business expenses and $7,292 of the rental expenses.[1]

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 212(2) allows a deduction for the ordinary and necessary expenses paid during the taxable year for the management, conservation, or maintenance of property held for the production of income. Section 262 provides that no deduction is allowed for personal, living, or family expenses.

Taxpayers generally must keep sufficient records to establish the amounts of claimed deductions. See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). With certain exceptions, in the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amounts of the expenses is of his own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate deductible expenses, however, unless the taxpayer presents evidence sufficient to provide some basis

---

[1]Petitioners concede several individual business and rental expense deductions which we need not list in detail.

upon which estimates may be made.  See <u>Vanicek v. Commissioner</u>,
85 T.C. 731, 743 (1985).  Furthermore, section 274(d) provides
that, unless the taxpayer complies with strict substantiation
rules, no deduction is allowable for any traveling expenses under
section 162, for any entertainment expenses, or with respect to
any listed property.  See sec. 274(d)(1), (2), (4).  The taxpayer
must substantiate the amount, time, place, and business purpose
of these expenses by adequate records or by sufficient evidence
corroborating his own statement.  See sec. 274(d).  These
substantiation rules of section 274(d) supersede the <u>Cohan</u>
doctrine.  See <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968),
affd. 412 F.2d 201 (2d Cir. 1969).

Petitioner husband (Mr. Kuo) testified that in 1996 he was
the sole proprietor of a business named Kuos Technologies which
was involved in the development of a computer security system.
Assuming arguendo that Mr. Kuo in fact was engaged in a trade or
business during 1996, petitioners have failed to produce any
reliable evidence that he paid business expenses in excess of
those allowed as deductions by respondent.  Furthermore, the
testimony by Mr. Kuo at trial indicated that many of the expenses
claimed are nondeductible personal expenses.  Similarly,
petitioners failed to produce any reliable evidence showing the
proper amounts of additional rental expenses.  We note that, even
if petitioners had provided such evidence, the propriety of the

deductions would still be in question because the claimed rental property was the first floor of their personal residence which was purportedly being rented to their own alleged business.  We uphold respondent's determinations regarding the business and rental expenses.

The second issue for decision is whether petitioners are entitled to a child care credit in excess of the amount allowed by respondent or, alternatively, entitled to exclude from income the cost of child care services under section 129.  Petitioners claimed a credit of $960, of which respondent disallowed $894.

Petitioners do not contend that they are eligible for the section 21 child care credit in any amount greater than that allowed by respondent.  We so hold.  Rather, they argue that $894 (or some greater amount) of child care services should be excluded from income under section 129.  Section 129(a) provides that "Gross income of an employee does not include amounts paid or incurred by the employer for dependent care assistance provided to such employee if the assistance is furnished pursuant to" certain types of programs.  Petitioners have not established that any of the income reported on their return was an amount paid or incurred by an employer for dependent care assistance. They are therefore not entitled to exclude any such amount from income.

The third issue for decision is whether petitioners received but did not report dividend income. Respondent determined that petitioners failed to report $772 in dividend income from Charles Schwab.[2]

Gross income generally includes income from whatever source derived, including dividends. See sec. 61(a)(7); sec. 301(c)(1). Petitioners do not deny receiving the $772 of dividend income from Charles Schwab. Rather, Mr. Kuo testified that the dividend income was reported on the Schedule C as gross receipts (the remainder of the reported $1,720 in gross receipts was purportedly a mistake and not income). We find this testimony to be incredible; we do not believe that petitioners reported dividend income as the sole income from their computer-related business, and that in the process they somehow mistakenly entered $1,720 instead of $772. We uphold respondent's determination that petitioners received $772 in unreported income.

The final issue for decision is whether petitioners are liable for an accuracy-related penalty under section 6662(a). Respondent determined that petitioners are liable for an accuracy-related penalty imposed by section 6662(a) for the portion of the underpayment of tax for 1996 attributable to

---

[2]Respondent concedes the following amounts reflected in the notice of deficiency as unreported income: $221 of dividends and $3 of interest from Herzog Geduld, and $200 of dividends and $1 of interest from E Trade Securities. Petitioners concede receiving unreported interest income of $33 from Summit Bank.

petitioners' failure to report a total of $1,193 of dividend income,[3] because such underpayment was due to negligence or disregard of rules or regulations.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. See sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and also includes any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. See id.

---

[3]Respondent concedes the portion of the penalty attributable to $421 of this amount.

Petitioners have failed to introduce any evidence that would show reasonable cause and good faith on their part.  On the contrary, the record shows an absence of adequate books and records and meager efforts to properly assess their tax liability for 1996.  We uphold respondent's determination that petitioners are liable for the accuracy-related penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.