T.C. Summary Opinion 2009-109


UNITED STATES TAX COURT


DAVID AND TRANG LE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

DAVID LE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 18789-07S, 18791-07S.    Filed July 13, 2009.


David and Trang Le, pro sese.

Erin R. Hines, for respondent.


PANUTHOS, Chief Special Trial Judge:  These consolidated
cases were heard pursuant to the provisions of section 7463 of
the Internal Revenue Code in effect when the petitions were

filed.[1]  Pursuant to section 7463(b), the decision to be entered in each docket is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS) determined a $5,418 deficiency and a $1,083.60 accuracy-related penalty in petitioner's 2004 Federal income tax.  The IRS determined a $4,448 deficiency and an $889.60 accuracy-related penalty in David and Trang Le's (hereinafter petitioners) 2005 Federal income tax.

After concessions,[2] the issues for decision are:  (1) Whether petitioner is entitled to a trade or business loss deduction for taxable year 2004; (2) whether petitioners are entitled to itemized deductions greater than those respondent allowed for 2004 or 2005; (3) whether petitioners are entitled to an education credit for 2005; and (4) whether petitioners are liable for accuracy-related penalties under section 6662(a) and (b)(1).

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent conceded at trial that petitioners are entitled to claimed deductions for State and local taxes and for real estate taxes paid in taxable years 2004 and 2005.  Respondent also conceded that petitioners are entitled to joint filing status for 2004.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and the accompanying exhibits by this reference. Mrs. Le moved to the United States in 2004 and married Mr. Le in August 2004. Petitioners remained married throughout the years in issue. They purchased a home in 2004 and lived in Maryland when they filed the petitions.[3]

Petitioner has been an officer in the Metropolitan Police Department for the District of Columbia (MPDC) since 1999. In 2004 petitioner worked in the bicycle division. During 2004 he spent approximately $30 every 2 weeks to maintain his uniforms. He also paid union dues of $16 every 2 weeks.

In 2005 he joined the canine division, and the MPDC issued him a German Shepherd trained for bomb-sniffing and police work. Before the MPDC would allow him to keep his dog at home in connection with his work as a canine officer, the MPDC required him to construct, at his own expense, a kennel that met certain specifications.[4] Petitioner spent approximately $3,500 in 2005

---

[3] On Oct. 6, 2008, we consolidated these two cases for trial and opinion.

[4] The MPDC kennel requirements included at least 100 square feet of open space, solid flooring, chain link fence sides, and a chicken wire fence top.

to build a kennel in his backyard that met or exceeded each MPDC specification.[5]

In 2004 petitioner briefly worked as a security consultant at a construction site in the District of Columbia in addition to his work for the MPDC. He terminated this activity after he learned that the MPDC would not approve his working at that site.[6] The construction company issued petitioner a Form 1099-MISC, Miscellaneous Income, for 2004.

In 2004 and 2005 petitioner gave money to his parents to donate at functions raising money for people and projects in Vietnam, where both petitioners were born. Petitioner also sent money to individuals in Vietnam to contribute to Buddhist temples. Petitioner did not obtain any receipts for funds he contributed, nor did he obtain any documentation about the organizations that received his donations. He also did not inform his return preparer that his donations went to unidentified organizations in a foreign country.

-----

[5] For example, petitioner's kennel provides 144 square feet of open space and a doghouse.

[6] With approval, an MPDC officer may provide security services in his off-duty hours but not within the part of the District of Columbia he regularly patrols. Because the particular construction site was within petitioner's usual patrol area, the MPDC would not approve the work.

In 2004 petitioner paid $1,356 to attend a class in criminal justice at University of Maryland University College. The record further reflects that petitioner paid student loan interest of $69.81 in 2004 and $62.73 in 2005. In the fall semester of 2005 Mrs. Le attended an English as a second language (ESL) class at Montgomery College. Although the record includes an unofficial transcript reflecting a grade of A in that 6.8-credit-hour class, petitioners did not offer any records of the amounts paid for Mrs. Le's education in 2005.

Petitioners engaged a paid return preparer to prepare the 2004 and 2005 Federal income tax returns.

Because Mrs. Le did not receive a taxpayer identification number or a Social Security number until 2005, petitioner claimed single filing status for 2004. On his 2004 income tax return petitioner reported on Schedule C, Profit or Loss From Business, income of $3,600 from his security work at the construction site, together with expenses of $5,468. This Schedule C activity produced a net loss of $1,868, which he deducted as a business loss on Form 1040, U.S. Individual Income Tax Return. In addition to deductions for medical expenses and home mortgage interest which the Internal Revenue Service (IRS) allowed and for State income taxes and property taxes which respondent concedes, petitioner claimed itemized deductions for charitable contributions, unreimbursed employee business expenses, and other

expenses. On his 2004 income tax return petitioner did not claim a student loan interest deduction on line 26, but he did claim a $1,356 tuition and fees deduction on line 27.

Petitioners filed a joint Federal income tax return for 2005. In addition to medical expense and home mortgage interest deductions which the IRS allowed and State income tax and property tax deductions which respondent concedes, petitioners claimed deductions for charitable contributions, unreimbursed employee business expenses, and tax preparation fees. Petitioners claimed a $63 student loan interest deduction on line 33 of Form 1040. They did not claim a tuition and fees deduction on line 34, but they did claim a $1,500 Hope Scholarship education credit on line 50 for 2005.

In the notice of deficiency for 2004 the IRS disallowed petitioner's business loss determining that, because he failed to substantiate his business expenses, the IRS would not allow expenses in excess of his Schedule C income. The IRS also disallowed in full the following itemized deductions petitioner claimed on Schedule A Itemized Deductions:

| Description | Amount Claimed |
|---|---|
| Charitable contributions (cash) | $6,521 |
| Job expenses & other miscellaneous deductions[1] | |
| Job expenses (uniform, union dues, edu) | 2,656 |
| Other expenses (parking, equip, telephone, closing cost, legal fee, appr) | 6,876 |

[1] These miscellaneous deduction amounts reflect amounts petitioners reported before application of the 2-percent limitation of sec. 67.

In the notice of deficiency for 2005 the IRS disallowed petitioners' claimed education credit because no qualifying educational institution had issued a Form 1098-T, Tuition Statement, to petitioners for 2005 and because the IRS had not received any verification that petitioners made qualified tuition payments in 2005. The IRS disallowed in full the following itemized deductions petitioners claimed on Schedule A:

| Description | Amount Claimed |
|---|---|
| Charitable contributions (cash) | $7,254 |
| Job expenses & other miscellaneous deductions | |
| Business expense | 5,477 |
| Tax preparation fee | 350 |

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error.

Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have neither alleged that section 7491(a) applies nor established their compliance with its requirements. Petitioners therefore bear the burden of proof.

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he is entitled to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer is required to maintain records sufficient to enable the Commissioner to determine his correct tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Such records must substantiate both the amount and purpose of the claimed deductions. Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

When a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact amount, we are generally permitted to estimate the deductible amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). To apply the Cohan rule, however, the Court must have a reasonable basis upon which to make an estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Congress overrode the Cohan rule with section 274(d), which requires strict substantiation for certain categories of

expenses; in the absence of evidence demonstrating the exact amount of those expenses, deductions for them are to be disallowed entirely. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Expenses subject to section 274(d) include travel and meal expenses, as well as expenses for listed property, such as passenger automobiles, computers, and cellular telephones. Secs. 274(d), 280F(d)(4). The taxpayer must substantiate the amount, time, place, and business purpose of these expenditures and must provide adequate records or sufficient evidence to corroborate his own statement. See sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). An exception allows the taxpayer to substantiate his expenses through a reasonable reconstruction of his records, but only where the taxpayer establishes that his records were lost because of circumstances beyond his control, such as to fire, flood, earthquake, or other casualty. Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985).

## 1. Business Loss Deduction

Respondent disallowed petitioner's claimed business loss deduction for 2004, limiting petitioner's allowed deduction for Schedule C business expenses to the income earned in his security activity. Petitioner reported the following on Schedule C:

| Description | Income (expense) |
|---|---|
| Gross income | $3,600 |
| Car and truck expenses | (1,713) |
| Supplies expenses | (650) |
| Cell phone expenses | (985) |
| Software/computer expenses | (2,120) |
| Net profit or (loss) | (1,868) |

Section 274(d) imposes strict substantiation requirements for traveling expenses and expenses related to listed property, which include petitioner's claimed car and truck expenses, cell phone expenses, and computer/software expenses. Petitioner did not provide any records to substantiate those expenses.[7]

Because petitioner has been unable to substantiate business expenses in excess of his business income, we sustain the disallowance of his claimed business loss.

---

[7] Petitioner thought he needed to retain records for only 3 years, and he discarded records for tax year 2004 in 2007 and for tax year 2005 in 2008. At trial he acknowledged respondent's counsel's explanation that he should retain records for at least 3 years from the date his return is filed or the date it is due, whichever is later. Furthermore, his asserted retention procedure does not explain why he would not have had all of his records for 2005, at least, at the time the IRS issued the notice of deficiency on May 21, 2007.

Petitioner prematurely discarded whatever records he had (which does not constitute a circumstance beyond his control), and, in any event, his vague testimony is not sufficient either to reconstruct the records or to satisfy the strict substantiation requirements of sec. 274.

2.   Itemized Deductions

    a.   Charitable Contributions

Section 170 allows deductions for charitable contributions to qualified donee organizations made during a taxable year, provided the taxpayer verifies the contributions.  Taxpayers are required to substantiate donations made by cash or check via: (1) Canceled checks, (2) receipts from the donee (showing the donee's name and the date and amount of the donation), or (3) other reliable written records.  Sec. 1.170A-13(a)(1), Income Tax Regs.  Taxpayers must substantiate gifts of property via receipts from the donee (showing the donee's name, the date and location of the contribution, and a description of the property contributed).  Sec. 1.170A-13(b)(1), Income Tax Regs.  For charitable contributions over $250, additional substantiation is required.  Sec. 170(f)(8).

Petitioners did not provide support for their contributions. Furthermore, petitioners were unable to name any organizations to which they donated funds, nor could they provide specific amounts of money given.  Accordingly, we sustain the disallowance of their charitable contribution deductions for both 2004 and 2005.

    b.   Miscellaneous Itemized Deductions

        i.   2004

Section 162 allows deductions for all ordinary and necessary business expenses paid or incurred during the taxable year in

carrying on a trade or business. Performing services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). Those expenses that are (1) ordinary and necessary to the taxpayer's business and (2) paid or incurred in a given year are deductible that year. Sec. 162(a); see sec. 1.162-17(a), Income Tax Regs. However, personal, living, or family expenses are not deductible. See secs. 162(a), 262(a); sec. 1.162-17(a), Income Tax Regs.

Where business clothes are suitable for general wear, their cost is typically not deductible. Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958). However, where custom and usage preclude wearing a uniform when off duty, deduction is allowed. The cost of maintaining clothes for work is deductible when the purchase price was deductible. Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980). We will allow petitioner to deduct the $30 he spent every 2 weeks to clean and maintain his police uniforms.

Petitioner is also entitled to deduct the $16 he paid every 2 weeks in union dues.

Petitioner claimed $2,656 in unreimbursed employee business expenses for 2004. We have allowed $1,196 for uniform maintenance and union dues, which leaves a balance of $1,460. Petitioner explained that unspecified equipment purchases and education made up this balance. However, equipment is listed under other expenses on Schedule A, and petitioner could not

remember what equipment he purchased or how much he spent on equipment in 2004. Furthermore, petitioner's education costs for 2004 were also claimed as tuition and fees expenses and may not be deducted twice. Thus, we conclude that petitioner is entitled to $1,196 of unreimbursed employee business expenses.

Petitioner also claimed $6,876 in other expenses for 2004. These expenses included parking fees, equipment purchases for work, telephone expenses, and various costs associated with the petitioners' purchase of a home in 2004. Parking expenses are subject to the strict substantiation requirements of section 274. The record provides almost no detail as to the specific expenditures, beyond petitioner's vague testimony about paying for parking for work-related court appearances. Considering petitioner's lack of records, we sustain respondent's disallowance of the deductions claimed for travel expenses. Petitioner explained that the MPDC required its officers to have a "landline" home telephone for emergency contact and notification purposes. Section 262(b) provides that charges for basic telephone service on the first telephone line in a residence are a personal expense of the taxpayer, and section 262(a) provides that a taxpayer's personal, family, and living expenses and nondeductible. We sustain the disallowance of the deductions claimed for telephone expenses.

As noted, petitioner was unable to identify any specific equipment he purchased in 2004 or to estimate its cost. His claimed equipment expense deduction will not be allowed.

Petitioners purchased a home in 2004. Respondent has allowed or conceded their claimed deductions for property taxes and home mortgage interest; however, petitioner also claimed deductions for closing costs, legal fees, and real estate appraisal expenses related to the home purchase. Petitioner has neither substantiated any of these expenses nor explained why he thought these were deductible expenses. His claimed home purchase expense deduction will not be allowed.

As the 2-percent floor of section 67 exceeds petitioner's allowed employee business expenses and all of his claimed deductions for other miscellaneous itemized expenses have been disallowed, petitioners are not entitled to any miscellaneous itemized deductions for 2004.

### ii. 2005

Petitioners' 2005 Schedule A includes a $350 tax preparation fee and $5,477 in business expenses. Petitioners did not introduce any evidence to support their payment of any specific amount for tax return preparation for 2005, other than vague testimony that they used a paid preparer. Bearing heavily upon petitioners, whose inexactitude is of their own making, we will

allow $100 for tax return preparation for 2005.  Cf. Cohan v. Commissioner, 39 F.2d at 544.

Petitioner's unreimbursed employee business expenses for uniform maintenance and union dues were similar in 2005 to those expenses for 2004.  Accordingly, we will allow $1,196 for uniform maintenance and union dues for 2005.

We accept petitioner's documentary evidence and testimony that he built the kennel required for his new position as an MPDC canine officer and that he paid approximately $3,500 in 2005 for labor and supplies to build the kennel.  Respondent argues that even if petitioner expended the funds in 2005, the expenditure should be capitalized and not expensed.  We are satisfied that the kennel petitioner had constructed in his backyard for his police dog was not a building as defined in section 1250 but rather was depreciable personal property.  See, e.g. Moore v. Commissioner, 58 T.C. 1045 (1972), affd. 489 F.2d 285 (5th Cir. 1973); Estate of Morgan v. Commissioner, 52 T.C. 478, 483-484 (1969), affd. 448 F.2d 1397 (9th Cir. 1971).  It was thus section 1245 property.  Sec. 1245(a)(3).  As such, the kennel qualifies as section 179 property and is eligible to be expensed under section 179.  Sec. 179(d)(1).

Petitioners have not substantiated other employment or miscellaneous expenses.  Accordingly, we allow them $100 for tax preparation, $1,196 for uniforms and union dues, and $3,500 for

building the kennel.  The total of the miscellaneous itemized deductions allowed is $4,796, which is subject to the 2-percent limitation of section 67.

3.  Education Credit

Petitioners claimed a $1,500 education credit in their electronically filed 2005 return, and their Form 8863, Education Credits, indicates that they claimed a Hope Scholarship Credit.

A student eligible for the Hope Scholarship Credit must be pursuing the first 2 years of postsecondary education, sec. 25A(b)(2), and  "carrying at least ½ the normal full-time work load for the course of study the student is pursuing", sec. 25A(b)(3)(B).  There is no evidence that Mrs. Le took any more than the single ESL course reflected in her transcript, that she was involved in any postsecondary course of study, or of what the full-time workload was for students at Montgomery College in 2005.  Thus, petitioners have not demonstrated that Mrs. Le was eligible for the Hope Scholarship Credit.

The Lifetime Learning Credit is less restrictive, providing credit not only for courses that are part of a postsecondary course of study but also for courses taken to acquire or improve an eligible student's job skills.  Sec. 25A(c)(2)(B).  The Lifetime Learning Credit provides a credit equal to 20 percent of a taxpayer's first $10,000 in eligible tuition and related expenses for each tax year after 2002.  Sec. 25A(c)(1).

Petitioners introduced a tuition and fee schedule for the fall semester of 2008 and offered vague testimony that the tuition charges did not change much between 2005 and 2008. The 2008 schedule indicates that the total cost of 7 credit hours in 2008 was $929.60. As noted, petitioners claimed a $1,500 credit and introduced evidence that Mrs. Le took 6.8 credit hours of ESL classes in 2005, but they did not provide any evidence of amounts paid in 2005 for tuition or qualified expenses.

We are satisfied that Mrs. Le took the ESL class and earned an A. Bearing heavily upon petitioners, whose inexactitude is of their own making, we estimate petitioners' education expense at $750 in 2005. Cf. Cohan v. Commissioner, supra at 544. Thus, petitioners are entitled to a Lifetime Learning Credit for 2005 of 20 percent of $750, or $150.

4. Accuracy-Related Penalty

The IRS determined accuracy-related penalties with respect to petitioners' 2004 and 2005 tax underpayments. Section 6662(a) and (b)(1) provides for a 20-percent penalty on the portion of an underpayment of tax due to negligence or a disregard of rules and regulations. Negligence is any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence has been described as the failure to exercise due care or the failure to do what a reasonable and

prudent person would do under the circumstances. See Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. See sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. Once the Commissioner has determined an accuracy-related penalty pursuant to section 6662(b)(1), the taxpayer bears the burden of proof as to this issue. See Bixby v. Commissioner, 58 T.C. 757, 791 (1972).

Pursuant to section 7491(c), respondent has the burden of production with respect to the accuracy-related penalties. Petitioners claimed business expenses for 2004 for which they maintained no records and which they can neither explain, support, nor recall; made charitable contributions roughly equivalent to 10 percent of their gross income but without obtaining any receipts or identifying the organizations to which they made donations; and claimed deductions for the same education expenses in two places on their 2004 return. Respondent has satisfied his burden of producing evidence indicating that the accuracy-related penalties are appropriate.

The accuracy-related penalty does not apply to any part of an underpayment of tax as to which the taxpayer shows that he acted with reasonable cause and in good faith. Sec. 6664(c)(1). The determination of whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the

pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  A taxpayer bears the burden of proving that he had reasonable cause and acted in good faith with respect to an underpayment.  See Higbee v. Commissioner, 116 T.C. 438, 449.

Other than vague assertions that they relied upon their return preparer, petitioners have not demonstrated reasonable cause for their underpayments.  They have not demonstrated that they acted with good faith in claiming the disallowed deductions for 2004 or 2005.  Accordingly, the accuracy-related penalties are sustained.[8]

To reflect our disposition of the issues,

Decisions will be entered

under Rule 155.

---

[8] Because we have allowed some deductions the IRS disallowed for 2005, and respondent has conceded petitioners' entitlement to joint filing status for 2004, the amounts of tax required to be shown on petitioners' returns will be different from the amounts shown on the notices of deficiency, and the accuracy-related penalties will also differ.  We leave the calculation to the parties' Rule 155 computations, but we remind the parties of petitioner's $69.81 student loan interest expense for 2004, which apparently was not deducted because of the income phaseout under sec. 221(b)(2).  However, in view of respondent's concession that petitioners are entitled to joint filing status for 2004, a different income limit will now apply.