T.C. Memo. 2011-179

UNITED STATES TAX COURT

ROBERT AND EILEEN LOPEZ ORTEGA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10106-09.                    Filed July 28, 2011.

Robert and Eileen Lopez Ortega, pro sese.

<u>Nathan C. Johnston</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency in

petitioners' Federal income tax of $15,379 and an accuracy-

related penalty under section 6662(a)[1] and (b)(1) of $3,076 for tax year 2006. The issues[2] for decision are:

(1) Whether petitioners are entitled to deduct as ordinary business expenses $46,758 for legal fees and other items reported on Schedule C, Profit or Loss From Business, for 2006; we hold they are not; and

(2) whether petitioners are liable for the accuracy-related penalty under section 6662(a) and (b)(1); we hold they are.

FINDINGS OF FACT

Petitioners resided in California at the time their petition was filed.

Mr. Ortega owned real estate in Mexico. The properties in question cover 4,500 acres, including 6 miles of beachfront. Mr. Ortega has held these properties since 1973. Respondent has disallowed deductions related to these properties.

The expense deductions at issue were claimed on two Schedules C. One showed expenses of $22,758 and listed Mr. Ortega's principal business as "real estate develope" (sic). The other reported expenses of $24,000 and listed the business as "The Rancho Loreto Bay".

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedures.

[2]Other issues are computational and will be resolved according to the outcome of issue 1.

Petitioners also reported real estate activities on two Schedules E, Supplemental Income and Loss, as part of their 2006 return.  The relationship of the activities reflected on the Schedules E and the expenses in dispute is not clear in the record.  Respondent makes no adjustment to the Schedule E items.

Mr. Ortega divided his Mexican real estate holdings into three distinct units.

1.  Los Cocos

Los Cocos was intended to be a recreational vehicle (RV) park.  This property is adjacent to the only marina in the area.

2.  Rancho Notri

During 2006, Mr. Ortega testified, he was developing Rancho Notri as a planned community.  He intended to develop and sell homes and condominiums from this property.  He also planned to develop a marina and other businesses to benefit from the seaside location of this property.  In 2006 the land was zoned agricultural for Mexican tax purposes.  Nevertheless, Rancho Notri was not an operational ranch and had no agricultural function.

In 2006 Mr. Ortega undertook a number of improvements for the area including clearing the land, inserting ground markers, and showing lot delineation.  However, no lots had been sold through 2010.

3. <u>Miramar</u>

The Miramar property comprises beachfront lots subdivided into smaller parcels. Mr. Ortega intended that the lots would be sold as building sites. He expected the lots would be sold in phases, but no sales occurred in 2006.

Petitioners timely filed their 2006 Form 1040, U.S. Individual Income Tax Return. As stated, the return included two Schedules E. The first, for two properties in the United States and Los Cocos RV park (Los Cocos), showed $35,623 in expenses. The second, for the Rancho Loreto Bay (also known as Rancho Notri) property, showed $86,120 in expenses. None of these amounts were reported on line 17 of petitioners' Form 1040 because of the passive activity loss limitations under section 469.

On the Schedule C with the stated business of developing real estate, petitioners claimed and respondent disallowed the following deductions: Car and truck expenses--$2,649; depreciation-- $97; supplies--$346; travel--$8,549; meals and entertainment--$625; taxes and licenses--$4,600; laundry and cleaning--$2,800; and telephone--$3,092. On the other Schedule C, petitioners claimed a deduction for legal fees of $24,000, and at trial Mr. Ortega identified what were characterized as Web site expenses of $270 which were not reflected on the 2006 return. These two items are also in dispute. Mr. Ortega

testified that the legal expenses related to a cash settlement paid to squatters on certain parcels of the Mexican property to allow clear legal title to be established.

Respondent sent petitioners a notice of deficiency for 2006, and petitioners timely filed a petition with this Court.

OPINION

I. Burden of Proof

The taxpayer bears the burden of proving by a preponderance of the evidence that the Commissioner's determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, under section 7491(a), if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability for tax and meets other requirements, the burden of proof shifts from the taxpayer to the Commissioner as to that factual issue. We find that petitioners have failed to produce sufficient evidence to cause the burden to shift to respondent. Accordingly, the burden of proof remains on petitioners.

II. Expense Deductions

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amounts of their income and entitlement to any deductions or credits claimed. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S.

79, 94 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 162(a) authorizes a deduction for "all the ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business". Whether an expense is ordinary is determined by time, place, and circumstance.

Certain expenses may not be estimated because of the strict substantiation requirements of section 274(d). This "strict substantiation" rule overrides the general rule of Cohan that we may estimate deductions where evidence is inadequate. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930) (estimation of deductions, bearing heavily against taxpayer whose inexactitude is of his or her own making); Sanford v. Commissioner, 50 T.C. 823, 827 (1968) (strict-substantiation provision takes precedence over Cohan rule), affd. 412 F.2d 201 (2d Cir. 1969). The heightened substantiation requirements of section 274(d) apply to: (1) Any traveling expense, including meals and lodging away from home; (2) any item with respect to an activity in the nature of entertainment, amusement, or recreation; (3) any expense for gifts; or (4) the use of "listed property", as defined in section 280F(d)(4), including any passenger automobiles.

In the present case, section 274(d) applies to the disputed automobile, travel, and meals expenses. Petitioners must

substantiate these expenses by contemporaneous records showing: (1) The amount of each expense; (2) the time and place of the travel; and (3) the business purpose of the expense.

As to the $24,000 in legal expenses, the cost of defending or perfecting title to property constitutes a capital expenditure and no current deduction shall be allowed for it. Estate of Franco v. Commissioner, T.C. Memo. 1980-340; Cowden v. Commissioner, T.C. Memo. 1965-278, affd. per curiam 365 F.2d 832 (1st Cir. 1966); sec. 1.263(a)-2(c), Income Tax Regs.

Another issue in this case is whether the activities for which Schedule C deductions have been claimed are distinct trades or businesses from the activities petitioners reported on Schedule E which were subject to the passive activity loss limitations.

Respondent argues that petitioners did not adequately establish distinct trades or businesses and that petitioners also failed to substantiate the disputed deductions in any event. We will discuss the individual expense items, but we also find no trade or business operated in 2006 separate from the activities reported in the two Schedules E.

A. Travel Expenses

Petitioners claimed a deduction for travel expenses of $8,549 for tax year 2006. To substantiate their claimed expenses, Mr. Ortega created an air travel log and provided

copies of ticket stubs and credit card statements. However, the air travel log was not created contemporaneously but rather was a reconstruction near the time of trial. Petitioners could not connect the receipts and other documentation with the flights and amounts stated on the air travel log. Some of the ticket stubs listed passengers other than petitioners, and the credit card statements did not indicate the destination of the air travel or the names of the passengers who purchased the tickets. In sum, given the inadequacy of the evidence produced, petitioners have failed to substantiate the travel expenses. Respondent's determination is sustained.

B. <u>Meals and Entertainment Expenses</u>

Petitioners claimed a deduction of $625 for meals and entertainment expenses. To substantiate the meals and entertainment, petitioners provided receipts. However, the receipts failed to indicate the business purpose of the meals or the meals' relationship to a trade or business. Petitioners have failed to adequately substantiate these expenses. Respondent's determination is sustained.

C. <u>Car and Truck Expenses</u>

Petitioners claimed a deduction of $2,649 for car and truck expenses in 2006. To substantiate these expenses, petitioners created a mileage log. The mileage log was not created contemporaneously, but rather at or near the time of trial. The

mileage log fails to specify how any of the stated business trips relate to any of petitioners' properties or to a trade or business.  Respondent's determination is sustained.

D.  <u>Supplies Expenses</u>

Petitioners claimed a deduction of $346 for supplies. Petitioners provided four receipts.  However, the receipts lacked adequate notation of a business purpose.  In addition, petitioners failed to provide a business purpose for the purchases of the supplies.  Respondent's determination is sustained.

E.  <u>Taxes and Licenses Expenses</u>

Petitioners claimed a deduction of $4,600 for taxes and licenses.  To substantiate these expenses, petitioners provided seven receipts from the Mexican Government which had been stamped paid.  Mr. Ortega testified that one receipt was for Rancho Notre, three were for Los Cocos, and the remaining receipts were for a property called Malicon, which was the office headquarters. However, some of these receipts were in the names of Mr. Ortega's two brothers.  Petitioner testified that although some of these receipts did not show his name, he paid the taxes and thus was entitled to the deductions.  Mr. Ortega testified that the receipts showed different owners because of a municipal law which provided that "no one can hold or own property more than 1,800 square meters.  So in order to keep the property intact I asked

my brothers if I could put 1,800 square meters in their respective names to work around this local ordinance".

While we find that petitioners have provided adequate documentation in the receipts for taxes and licenses expenses, they have failed to establish that the reported expenses were not more properly associated with the activities reported on Schedules E of their income tax return.  Accordingly, we find these expenses are not deductible as Schedule C expenses.

F.  Cleaning and Laundry Expenses

Petitioners claimed a deduction of $2,800 on their Schedule C for laundry and cleaning expenses.  Mr. Ortega stated that although these expenses were listed on their Schedule C as laundry and cleaning expenses, it was a "misposting".  The expenses were described by Mr. Ortega as "cleaning experiences", which consisted of clearing the grounds of any fallen trees or debris after storms.  Mr. Ortega stated that most of the cleaning expense was related to Los Cocos.

Petitioners provided receipts which showed the location, date, hours worked, and work done by "trabajadores" or laborers. Mr. Ortega testified that these receipts provided the information that he would need in order for the laborers to get paid.  The laborers would sign and Mr. Ortega would then give a conversion from pesos to dollars and pay them.

The Court finds that petitioners' receipts provide documentation of the deduction for the cleaning and laundry expenses but as a Schedule E expense, which does not create a current deduction for 2006 because of the passive loss rules. Accordingly, respondent's adjustment is sustained.

### G. Telephone and Web Site Expenses

Petitioners claimed a deduction of $8,092 on their Schedule C for telephone expenses. Mr. Ortega also testified at trial that Web site expenses of $270 were an unresolved business expense. Petitioners provided copies of Verizon Wireless bills to substantiate their claimed expenses. Mr. Ortega testified that he has a combination of services on his cell phone, which he stated is primarily an international cell phone. Petitioners' Verizon Wireless bills did not indicate whether the cell phone was used exclusively for business purposes, and thus we conclude that petitioners have failed to substantiate that these expenses were associated with a trade or business. Similarly, the Web site expense was not properly substantiated as a Schedule C expense. Accordingly, we sustain respondent's determination.

### H. Depreciation

Petitioners claimed a deduction of $97 for depreciation on their Schedule C. However, petitioners have not provided any evidence to explain or substantiate this deduction. Therefore,

petitioners are not entitled to this deduction, and we sustain respondent's determination.

### I. Legal Fees

Petitioners claimed a deduction for a $24,000 legal settlement expense on their Schedule C. The amount is the result of a legal action taken by petitioners to force "squatters" or "parachuters" off their properties. Because of rising attorney's fees, petitioners felt that it would be easier to pay the squatters to vacate their properties. Petitioners are claiming the legal expense as a theft loss, seeking to establish that there was an illegal act.

Petitioners provided documentation of an agreement whereby each individual was paid $12,500 to vacate petitioners' properties.

Respondent argues that these expenses are not based upon a currently active trade or business and are not current deductions. Respondent argues in the alternative that petitioners may be entitled to capitalize these expenses. We agree with respondent's analysis that these expenses are capital and do not relate to an active trade or business in 2006.

### III. Accuracy-Related Penalty

Respondent determined that petitioners are liable for an accuracy-related penalty under section 6662(a) and (b). Section

6662(a) and (b)(1) and (2) imposes a 20-percent penalty on an underpayment of tax required to be shown on a return if the underpayment is attributable to a taxpayer's negligence or disregard of rules or regulations or substantial understatement of income tax. Section 6662(d)(1)(A) defines a substantial understatement of income tax as a tax understatement that exceeds the greater of 10 percent of the tax required to be shown on the tax return or $5,000.

Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

Courts deciding a taxpayer's liability for a negligence penalty generally look both to whether the underlying investment was legitimate and to whether the taxpayer exercised due care in the position taken on the return. Sacks v. Commissioner, 82 F.3d 918, 920 (9th Cir. 1996), affg. T.C. Memo. 1994-217. When an investment has such obviously suspect tax claims as to put a reasonable taxpayer under a duty of inquiry, a good faith

investigation of the underlying viability, financial structure, and economics of the investment is required. Roberson v. Commissioner, T.C. Memo. 1996-335, affd. without published opinion 142 F.3d 435 (6th Cir. 1998).

Section 6664(c)(1) provides an exception to the accuracy-related penalty if it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 1.6664-4(b)(1), Income Tax Regs. The decision as to whether the taxpayer acted with reasonable cause and good faith depends upon all the pertinent facts and circumstances. Higbee v. Commissioner, 116 T.C. 438, 448 (2001); see sec. 1.6664-4(b)(1), Income Tax Regs.

Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the reasonableness and good faith of reliance on the advice of a professional such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on the advice of a professional tax adviser can be a defense to the negligence penalty but does not necessarily demonstrate reasonable cause and good faith. United States v. Boyle, 469 U.S. 241, 250-251 (1985).

Respondent has carried the threshold burden of production under section 7491(c), and petitioners bear the burden of proving reasonable cause.

Respondent argues that petitioners were negligent in failing to maintain adequate records and to substantiate their items

properly.  Respondent argues that petitioners should have know that the claimed Schedule C expenses were not associated with active trades or businesses.

Petitioners managed the accounting and bookkeeping for the foreign properties carelessly during 2006.  They failed to keep records contemporaneous with the expenses, and they claimed expenses for businesses which were in the development stage and not yet operational.  We find petitioners' underpayment negligent and lacking in good faith or reasonable cause.

Accordingly, the Court finds that petitioners have failed to carry their burden, and we sustain respondent's determination of the accuracy-related penalty under section 6662(a) and (b)(1) for tax year 2006.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.